Edwin A. C. Hatch

*vs.*

H. C. Burbank and N. P. Clark.

The effect of a certain stipulation entered into by the parties to an action on the hearing before a sole referee, and the power of the referee thereunder, considered and determined, and the report of the referee set aside on the ground that his action was not in accordance with the terms of the stipulation.

Appeal by the defendant from an order of the district court for Ramsey county, setting aside the report of a referee and granting a new trial.

The case is sufficiently stated in the opinion.

William S. Moore, for Appellants.

Masterson & Simons, for Respondent.

*By the Court.*—McMillan J.—This is an action to compel an accounting by the defendants in relation to certain business transactions between the parties under a contract set forth in the complaint.

The complaint alleges that on the 6th of September, 1867, an agreement was entered into between the plaintiff and the defendants, by which it was agreed, that in consideration of the personal services, skill and ability and influence of the plaintiff, used and performed. and to be used and performed

in and about a certain contract for furnishing subsistence to the Chippewa Indians, which contract was let by the United States Indian agent to the defendant Clark, and in which business of furnishing said subsistence under said contract the defendants were co-partners, they the defendants promised and agreed to and with the plaintiff;

First: To pay him ten thousand dollars upon the signing of said contract with said Indian agent;

Second: That on the 1st of May, 1868, a balance sheet should be made and exhibited to the plaintiff, showing the actual expenditure under said contract, and the gross receipts arising out of the said business, and after deducting the said expenditures from said receipts, and after making a further deduction of ten thousand dollars, the defendants would pay the plaintiff, and he should have and receive one third of the balance;

Third: That a like balance sheet and exhibit should be made by defendants at the end of every six months after said 1st of May, 1868, and one third of the profits of said business should be paid by defendants to the plaintiff;

Fourth: That the furnishing said subsistence to said Indians under said contract, and every thing relating thereto, should be done by the defendants in the most economical manner, and that plaintiff should have and defendants would pay him one third of any and all claims which might arise against the government under or by virtue of said contract for subsistence and remaining unpaid when the subsisting of said Indians should cease under said contract.

The complaint then avers performance on the part of the plaintiff, in the premises; that defendants paid the ten thousand dollars at the time of the signing of the contract, and that in pursuance of said contract with the Indian agent the said subsistence was furnished said Indians, and the whole pay and

Hatch v. Burbank et al.

compensation therefor under said contract was paid to the defendants; that the accounts of and concerning said business were kept exclusively by said defendants, and plaintiff has never had access to the same ; that the defendants did not furnish the balance sheets provided for, nor either of them, and have wholly refused to pay or account to the plaintiff for any portion or share of the profits arising out of said business under the said contract, except the said ten thousand dollars, but have wholly neglected and refused and still neglect and refuse so to do; that the business of furnishing said subsistence under said contract ceased and was determined on or about Dec. 1st, 1868 ; that by reason of the defendants' neglect to furnish said balance sheet, he is unable to state what were the expenditures and profits, or what sum is due to him from defendants as his share of the said profits ; but charges the fact to be that a large sum is due to him and owing by the defendants as his said share of said profits, pursuant to said agreement, to-wit : about eight thousand dollars ; and demands judgment for an account, &c., and for the amount which shall be found due him, &c.

The answer admits the contract as alleged in the complaint, and alleges that defendants have performed the contract on their part, except in this, that a balance sheet was not made as provided in said contract, but say that a full and final account and such balance sheet was rendered and exhibited to the plaintiff on or about the 27th of February, 1869 ; and further " alleges that they (defendants) have paid said plaintiff all that is due him by reason of the contract, matters and things 'set forth, and in excess thereof a large amount of money, to-wit : the sum of four hundred dollars ; " that notwithstanding all diligence and remarkable care on their part, there is outstanding and uncollected from the government of the United States for the furnishing of the subsistence mentioned in the complaint,

large sums of money to-wit; twenty-two hundred dollars, for which defendants have at all times been and now are willing to account with plaintiff when the same shall be collected.

Upon and in accordance with a stipulation of the parties in said action, it was ordered by the district court "that Amherst H. Wilder, be, and he hereby is appointed sole referee to take an account of all and singular the business dealings and transactions specified in the complaint herein, and to ascertain and report whether there is any sum due from the defendants to the plaintiff, on account or by reason of said dealings, or under or pursuant to the agreement between the parties set up in the complaint, and if so, what sum is so due to him. And it is further ordered that all the accounts and vouchers in the premises in the possession of either party be delivered into the hands of said referee."

The parties appeared before the referee and entered into the following stipulation in the action, to-wit: "It is hereby stipulated that for the purpose of this action all the items in the defendants' account are to be considered as proved, except the various items of interest therein charged, and item No. 221, paid H. L. Carver $5,000, and item No. 230, paid Daniel Bassett $1,500, and item No. 235, $4,000 paid Hatch, and item No. 310, paid Bassett (the Prescott item) $5,000, and the referee is to decide these items upon the evidence before him, and his decision thereon, and the judgment found and reported by him thereon, is to be final and conclusive upon the parties hereto without the right to appeal or review, it being understood and agreed that $10,000 of the items therein charged, to-wit: item No. 46, paid Hatch $1,000; item No. 122, paid Hatch by Bassett $2,000; item No. 123, paid Hatch $3,000; item No. 186, paid Hatch note, paid $4,000, are the same as the amounts credited defendants by plaintiff in his complaint."

The referee in his report, after stating the making of this stipulation, says: "and by virtue thereof I find that all the items charged in the account of the defendants hereto annexed and herewith filed as a part of this report, and not specially mentioned in said stipulation, are true and correct, and are proper charges in said account between the said parties." The referee then proceeds to dispose *seriatim* of the items mentioned in the stipulation as excepted from those which by the stipulation are to be considered as proved, and after disposing of several of them, says: "As to the fourth item mentioned in said stipulation, to-wit: No. 235, $4,000, paid Hatch, I find that the same is not properly charged in said account, but I find that the same is a just and proper charge against the balance due said Hatch from said defendants on said partnership account, and that the same should be deducted from said balance hereinafter stated."

It is claimed by the respondent that the referee exceeded his jurisdiction in thus disposing of this item in the stipulation, and that the court below properly set aside his report for that reason.

It is well said by the court below, referring to this stipulation: "The powers conferred upon the referee under the stipulation are very great, and should certainly not be extended to embrace matters not within its terms. Within the limits in which he is to act his powers are supreme. From his action within these limits there is no appeal or right of review. The propriety of confining his action within the terms of the stipulation is apparent. Such powers should not be conferred, except by the express consent of the parties"

The stipulation entered into before the referee refers to an account of the defendants; this account must have been an account presented to the referee at the hearing, and is the basis of the stipulation. The account of the defendants re-

ferred to in the referee's report and annexed thereto, must also be the account upon which the stipulation is based. This account upon its face purports to be an account of the expenditures and receipts arising under the contract let by the Indian agent to the defendant Clark. It is headed, "Indian contract in account with N. P. Clark," and one subdivision of it, "White Earth contract in account with N. P. Clark." It would seem, also, from the language of the referee's report, that he so considered it. Referring to this item in dispute, the language of the report is, "I find that the same *is not properly charged in said account*, but I find that the same is a just and proper charge against the balance due said Hatch · from said defendants on said partnership account," &c. And in disposing of the other items of the account excepted in the stipulation from those admitted to be proved, the referee evidently refers to them, and allows or disallows them respectively, as items in the account of the defendants under the Indian contract.

It is true, the account contains the items which the plaintiff admits in the stipulation constitute the ten thousand dollars admitted in the complaint to have been paid to him under his contract with the defendants at the time of the execution of the contract between the Indian agent and defendant Clark.

This amount, however, while not strictly expenses under the Indian contract, was to be deducted, together with such expenses, from the gross receipts under that contract, and was not chargeable to the balance due Hatch. Although the account contained these admitted items, it is not to be inferred from the stipulation, that the plaintiff understood, or that the defendants claimed, that there were any items in the account chargeable against the balance due Hatch under his contract with the defendants, but rather, that the admission in the stipulation of the items constituting the payment, was for the

purpose of separating them from its items chargeable as expenses under the Indian contract, in order that the amount of the latter might be distinctly determined as contemplated in the contract between the parties, and together with the ten thousand dollar payment be deducted from the gross receipts in order to ascertain the balance.

It is also to be remembered that the defendants in their answer allege "that a full and final account and such balance sheet was rendered and exhibited to said plaintiff on or about the 27th of February, A. D. 1869." The balance sheet thus mentioned, is evidently the balance sheet they were to render to the plaintiff under their contract with him, namely, a balance sheet showing the actual expenditure under the contract between the Indian agent and the defendant Clark, and showing the gross receipts arising out of said business. It may well be inferred that the account presented by the defendants was in support of this allegation in the answer, and was such balance sheet. We are, therefore, led irresistibly to the conclusion, that the account which is the basis of this stipulation, was an account of the defendants under the contract between the Indian agent and Clark. The debit side of the account, therefore, would show the actual expenditures of the defendants under that contract which were to be deducted from the gross receipts under the contract, and after making the further deduction of the ten thousand dollars paid to Hatch, he was to have the one-third of the balance. The item in dispute was on the debit side of this account; the claim of the defendants, then, as made in this account, was that it was a payment to Hatch, not under the contract between him and the defendants, but under the contract between the Indian agent and the defendant Clark. As such, it would go to make up the expenses, which together with the ten thousand dollars were to be deducted from the amount received by the defen-

dants under that contract, for the purpose of ascertaining the balance, of which Hatch was to receive the one-third. The plaintiff, therefore, had no notice at the time of entering into the stipulation, either from the pleadings, or upon the trial, so far as the case shows, that the defendants claimed for the disputed item any other effect than that of a payment by defendants of expenses under the Indian contract. The stipulation was entered into upon the basis of the account as presented, and must be construed in connection with it. As thus construed it can have no greater effect than to submit to the referee the determination of the claim made by the defendants, and denied by the plaintiff, to-wit: that this was a payment under the contract between the Indian agent and the defendant Clark, for which the defendants were entitled to credit under that contract. Farther than this he had no authority, in view of the stipulation, to go.

By the finding of the referee, the item as presented and claimed in the account, is disallowed, but is allowed as a payment to the plaintiff upon the balance due him under his contract. The claim was thus withdrawn from the expenses under the Indian contract, and allowed and made to operate as a payment to the plaintiff upon his share of the balance due under the terms of his contract with the defendants.

The allowance or disallowance of the item as a claim of this character, was not within the stipulation, and its allowance was erroneous.

The order setting aside the report of the referee is affirmed.