GARDE H. LOHMAN,

*vs.*

THE ST. PAUL, STILLWATER & TAYLOR'S FALLS RAILROAD CO.

In this case it appears that defendant undertook to condemn plaintiff's land under the provisions of ch. 34, Gen. Stat., but failed to give personal notice of the meeting of the commissioners to plaintiff, who was at the time the proceedings to condemn were instituted, and for several years previous, had been residing upon and in the occupation of his said land. It not appearing that plaintiff had in any way waived his right to such notice, *Held* that such failure was fatal to said attempted proceedings to condemn.

This action is similar to the one next preceding, being commenced in the same court for the same relief, and with the same result; and is brought to this court upon a like appeal. A point not made in the preceding case, but the one upon which this appeal is determined, is fully stated in the opinion.

JOHN B. & W. H. SANBORN, for Appellant.

CASTLE & MARSH, for Respondent.

*By the Court.*—BERRY, J.—This case presents a state of facts similar to that presented in Weir against the same defendant,

in which an opinion has been filed at this term.    The defendant in this case, as in that, attempts to justify its entry upon and appropriation of plaintiff's land, by setting up proceedings for condemnation taken under ch. 34 Gen. St.

But this case differs from that in this essential particular, viz.: in that case, personal notice of the meeting of the commissioners as required by statute was served upon Weir, who was a resident of the county in which his land lay; while in this case, said personal notice required by statute, was not served upon the plaintiff Lohman, although he was at the time the proceedings aforesaid were instituted, and for several years previous had been residing upon and in the occupation of his said land.    There is nothing to show any waiver of notice upon plaintiff's part.

The defendant therefore fails in its attempted justification, not only because it fails to show a compliance on its part with this substantive requirement of the statute, but because it appears affirmatively that it has not complied with it.    This view of the case renders it entirely unnecessary for us to consider any of the points discussed at bar.    Under ordinary circumstances it would, perhaps, follow that the order of the court below from which this appeal is taken, and whereby the defendant was enjoined from entering upon defendant's land to construct or operate its road, should be affirmed, and injunction issued forthwith.

But as it appears that under this appeal, or by some arrangement of parties, the defendant has constructed and is now operating the road over defendant's land, so that great public inconvenience would result if the injunction were now enforced, and as it further appears from defendant's answer that the proceedings to condemn set up in the answer were taken in good faith, and with an honest purpose, on the part of defendant to comply with the law, we are of opinion that the in-

junction should not be allowed to become operative, until suitable opportunity is given to defendant to acquire the right to appropriate plaintiff's land, either by negotiation, or by fresh proceedings to condemn. *See Harrington vs. St. Paul and Sioux City R. R. Co.*, 17 *Minn.* 215.

The order of the court below is accordingly affirmed, with the condition, that if defendant shall without delay institute proceedings to condemn plaintiff's said land, and promptly prosecute the same, the injunction shall not issue; otherwise the same to issue as of the date of this order.

Of course this condition does not deprive the plaintiff, who is in fact the prevailing party here, of his right to costs and disbursements.