NORTHERN PACIFIC RAILROAD Co. *v.* ST. PAUL, MINNEAPOLIS & MANITOBA RAILWAY Co. and others.

*(Circuit Court, D. Minnesota.  ——, 1880.)*

1. EMINENT DOMAIN—NORTHERN PACIFIC RAILROAD COMPANY—STATE STATUTE.—The charter of the Northern Pacific Railroad Company, obtained· from the general government, does not exempt its right of way from the operation of the laws of the state of Minnesota, and forbid a railroad company organized under the general law of the state to exercise the right of eminent domain.

2. SAME—REV. ST. OF STATE OF MINNESOTA, c. 34, §§ 13–23.—In Minnesota a railway corporation can only take possession of lands under the power of eminent domain after the compensation for the property to be taken is assessed and paid, or on appeal from the award of commissioners by executing a bond conditioned to pay the award.
    *Harrington* v. *St. P. & S. C. R. Co.* 17 Minn. 215, and *Lohman* v. *St. P., S. & T. F. R. Co.* 18 Minn. 174, distinguished.

Hearing on order to show cause why a temporary injunction should not issue.

*Gilman & Clough,* for plaintiff.

*Bigelow, Flandrau & Clark* and *R. B. Galusha,* for defendants.

NELSON, D. J.  Application for an injunction to restrain defendants from building the proposed railroad from Barnesville to Moorhead across the track of the plaintiff, and the strip of land upon which the same is constructed, and extending 200 feet on either side thereof, is heard upon bill, special answer, and affidavit of the president of the defendant, the Barnesville & Moorhead Railroad Company.  It appears that the latter company has taken steps, according to the laws of the state of Minnesota, to obtain a right of way or crossing over the plaintiff's railway track.  The proceedings are not completed, and no appraisers or commissioners have been appointed to fix the amount of compensation or damage. Said defendant also claims title to the property over which the plaintiff's road runs at the point it desires to cross with its road, and seeks to take possession of the same, with the view of making its crossing, without the plaintiff's permission or consent.  The plaintiff, being in the possession and occu-

pation of the premises, cannot be disturbed in such possession except through proper legal proceedings; and if the defendant has a better legal title to the same, an action of ejectment will lie to enforce its right. I cannot, on this application, try the question of title, but must hold that the open and acknowledged possession of the plaintiff is sufficient to sustain an injunction to prevent interference therewith, forcibly or without its consent. The plaintiff, if it desires, may amend its bill, setting forth its title to the particular tract of land over which its road passes at the point where said defendant seeks to cross.

I have no doubt of the right of the Barnesville Railroad Company to cross the plaintiff's road, on payment of compensation therefor, when the amount is fixed by commissioners selected under the railway legislation of this state; and the charter of the Northern Pacific Railroad Company, obtained from the general government, does not exempt its right of way from the operation of the laws of the state of Minnesota, and forbid a railroad company organized under the general laws of the state to exercise the right of eminent domain. The important question in this case is whether this defendant can enter upon the private property of this company and disturb its possession and make the crossing before damages are actually assessed and paid, or secured. The laws of the state certainly do not authorize it, and the constitution in terms forbids it. "Private property shall not be taken for public use without just compensation therefor, first paid or secured," is the constitutional provision. Chapter 80, Laws of 1879, and chapter 34, sections 13 to 23, Young's Minnesota Statutes, confer the right of eminent domain upon railway corporations, and specify the necessary proceedings where a corporation exercises it, and it is only after the compensation for the property to be taken is assessed and paid, or an appeal taken from the award of commissioners, that the company can proceed with the construction of its railroad, and enter upon and take possession of the premises sought to be condemned, and on appeal only by executing a bond conditioned to pay the award.

The defendant, the Barnesville & Moorhead Railroad Company, by virtue of its organization under the general laws of the state, has the right to temporarily occupy land for the purpose of preliminary surveys, exercising care so as not to interfere with the running of trains or such necessary use by the plaintiff company as its charter requires, and is not a trespasser in so doing; but the payment or deposit in court of the compensation awarded by the commissioners is a condition precedent to the right of the company to enter upon property for the purpose of construction. The plaintiff has not slept upon its rights and allowed the said defendant to occupy its land, but asserts them at the outset.

In the cases cited by the defendants' counsel (17 Minn. 215, and 18 Minn. 174) the railroad companies had taken possession of the land without opposition and constructed their roads, and the court refused an injunction, or permitted a bond to be given by the corporations with the condition that compensation should be paid when ascertained in proceedings to be forthwith instituted. These decisions are not applicable to the present case. There is no inconvenience to the public for the reason that the railroad is not completed and in operation, as in the cases cited.

I have fully considered the suggestion of counsel that a conditional order be made allowing an injunction, unless, within a short time to be fixed by the court, the defendants execute a bond conditioned to prosecute, forthwith, the proceedings commenced to obtain the right of way for crossing plaintiff's track, and to pay such sum as the commissioners may award. I do not think this court has any power to grant the right of entry upon the plaintiff's road for this purpose on any such condition. The right of the Barnesville & Moorhead Railroad Company to cross the plaintiff's track is given by the statute of the state, which particularly and in detail points out the requisite steps to be pursued as conditions precedent to the right to construct the crossing, and without compliance therewith it must be enjoined. There is not such latitude for the exercise of discretion by a court of equity where the defendant's right to do an act depends

upon its compliance with the constitution of the state and the statutes, as in other applications for injunctions.

A temporary injunction will issue, with leave to the defendants to apply for a dissolution thereof hereafter, to either of the judges of this court.