JACOB R. MYERS *et al. vs.* DULUTH TRANSFER RAILWAY Co. *et al.*

Argued April 26, 1893. Decided May 22, 1893.

**Dissolution of Injunction.**
> Order sustained, which dissolved a temporary injunction, restraining the defendant from constructing its railroad over the plaintiff's premises.

Appeal by plaintiffs, Jacob R. Myers, Henry H. Myers and Benjamin F. Myers, from an order of the District Court of St. Louis County, *O. P. Stearns,* J., made August 6, 1892, dissolving a temporary injunction.

The plaintiffs owned one undivided third of thirteen lots in Martin's Division in Duluth. The defendant, the Duluth Transfer

Railway Company, surveyed and located its railway across these lots, and was about to construct its road over them. It had attempted to acquire the right of way through the lots by proceedings under 1878 G. S. ch. 34, title 1. It had filed its petition and had obtained an order appointing commissioners to appraise damages, but Myers Brothers had appealed to this court from that order. The commissioners however proceeded to appraise the damages and made their award, and the Railway Company paid the amount into court. The plaintiffs commenced this action August 2, 1892, to restrain the Railway Company and the contractors, the Calumet Construction Company and Foley, Grant & Gutherie, from grading the road through these lots. On the next day they obtained *ex parte* from Phineas Ayer, Court Commissioner of St. Louis County, an order for a temporary injunction, and it was issued restraining defendants from entering upon the lots and from grading the road across them. The writ was served. On August 4, 1892, defendants served their verified answer and obtained an order from Judge *Stearns*, of the District Court, requiring plaintiffs to show cause, if any they had, on August 6, 1892, why the injunction should not be dissolved. On that day the court made an order dissolving it. From this order plaintiffs appeal. Pending this appeal the plaintiffs commenced a new action joining other subcontractors as defendants, and obtained another *ex parte* order. *Certiorari* to review proceedings in contempt for disobeying it are reported in *State ex rel.* v. *District Court*, 52 Minn. 283.

*R. R. Briggs*, for appellants.

*J. L. Washburn*, for respondents.

DICKINSON, J. This action is prosecuted to restrain the defendant railway company from constructing its railroad across certain land, an undivided one-third of which is owned by the plaintiffs. Upon the commencement of the action a temporary injunction, restraining the defendants from constructing the road, was issued upon the *ex parte* order of the court commissioner. After the service of a verified answer, the court, upon the defendants' motion, dissolved the injunction. This is an appeal by the plaintiffs from the order of dissolution. The motion was heard and granted

upon the pleadings, and upon the record of certain condemnation proceedings through which the defendant railway company claims to have acquired the right to construct its road over these premises.

On the part of the defendants it was made to appear that in May, 1892, the railway company instituted condemnation proceedings to secure a right of way over these premises; and in the course of such proceedings, after due notice, the petition of the railway company·was heard by the district court, where it was determined that the taking of the premises in question was necessary, and commissioners were appointed to assess the compensation to be paid therefor to the plaintiffs, among others.

This order was filed June 29th. On the 8th or 9th of July, while the commissioners thus appointed were proceeding with the condemnation proceedings, the plaintiffs appealed to this court from the order appointing such commissioners. The plaintiffs executed the usual statutory stay bond on such appeal. On the 9th of July the commissioners executed their award and report, which was filed in the clerk's office July 12th, determining the compensation to be paid to the plaintiffs and others for the taking of this land. The amount thus awarded to the plaintiffs was tendered to them, but refused, and it was then deposited in court, to be paid under its direction. Afterwards the railway company entered upon the premises, and commenced the construction of its road; and thereupon, about the 1st of August, the plaintiffs commenced this action to restrain the defendants, and for the recovery of damages for the acts done on the land. The premises were vacant and unoccupied.

The granting, refusing, or dissolving of a temporary injunction *pendente lite*, while the issues involved in the action are untried, must necessarily rest largely in judicial discretion, to be exercised with regard to the circumstances of the case. That discretion will be influenced by a consideration of the relative injury and inconvenience which may be likely to result to the parties, respectively, from the allowance or disallowance of such relief. High, Inj. 598. And where it is sought to thus restrain the prosecution of an enterprise of a *quasi* public nature, as is the case here presented, the court may also consider how far public

interests may be affected by a suspension of the undertaking. Even where it has been finally determined that a railroad has been wrongfully constructed on the plaintiff's premises, an injunction has been withheld to enable the company to proceed to effect a legal condemnation of the land. *Harrington* v. *St. Paul & S. C. R. Co.,* 17 Minn. 215, 229, (Gil. 188;) *Lohm in* v. *St. Paul, S. & T. F. R. Co.,* 18 Minn. 174, 175, (Gil. 157.) And see *Wood* v. *Charing Cross Railway Co.,* 33 Beav. 290.

As this case was presented to the court on the motion for the dissolution of the temporary injunction, the court would have been justified in the conclusion (and we may assume that this was its conclusion) that the prosecution of the work sought to be enjoined would not irreparably, or even seriously, injure the plaintiffs' property; that the defendant was empowered to acquire the right of way by condemnation; and that, in good faith, it had instituted and carried forward the proceedings for that purpose to the point of the making of an award of damages, and tender of payment, before it had entered upon the land. In view of these considerations, and of the injury which might result from the suspension of such a work, we think that it would have been fairly within the discretion of the court to have refused a temporary injunction; and, if an injunction might have been refused in the first instance, the court might dissolve one granted *ex parte.* Of course, if the defendants' acts were unlawful, the plaintiff is not without a remedy therefor.

Order affirmed.

VANDERBURGH, J., did not sit.

(Opinion published 55 N. W. Rep. 140.)