MILTON GORTON v. TOWN OF FOREST CITY and Others.[1]

December 24, 1896.

Nos. 10,407—(101).

Appeal—Review—Temporary Injunction.

> The granting, refusing, or dissolving of a temporary injunction pendente lite rests necessarily in judicial discretion; and, unless there has been an abuse of such discretion, appellate courts will not interfere, especially where the prosecution of an enterprise of a public nature is involved.

Appeal by plaintiff from an order of the district court for Meeker county, Powers, J., dissolving a temporary injunction. Affirmed.

*Peterson & Foster*, for appellant.

*John T. Byrnes*, for respondents.

BUCK, J. This action was commenced for the purpose of restraining the defendants from opening a public highway. Upon the verified complaint, a temporary injunction was accordingly issued. The defendants appeared, and served a verified answer, and therein alleged certain facts, which, if true, would justify the court in dissolving the injunction. Plaintiff served a reply, the contents of which were stated upon information and belief, and his verification was to the same effect. The writ of injunction was dissolved and set aside, upon the ground that it was wrongfully obtained, and was issued without reason or sufficient grounds. The issues involved in the action are yet untried, and, if the plaintiff has suffered damages, he is not without a remedy. But the granting, refusing, or dissolving

---

[1] Reported in 69 N. W. 478.

a temporary injunction pendente lite rests necessarily in judicial discretion; and, unless there has been an abuse of such discretion, this court will not interfere, especially where the prosecution of an enterprise of a public nature is involved. Myers v. Duluth. T. R. Co., 53 Minn. 335, 55 N. W. 140.

Order affirmed.