(February 7, 1900.)

## WILSON v. BOISE CITY.

[60 Pac. 84.]

INJUNCTION—NOTICE OF APPLICATION.—Under the provisions of section 4293 of the Revised Statutes, an injunction that enjoins the general or ordinary business of a municipal corporation cannot legally issue except on notice. The terms "general" and "ordinary," as used in said section, are comprehensive enough to include the collection of assessments made for payment of the construction of sewers. Section 4287 of the Revised Statutes defines "injunction" as being a writ or order requiring a person to refrain from a particular act. Such writ cannot be issued to restrain an act already done.

COMPLAINT—RELIEF.—*Held*, under the allegations and demands of the complaint, that the only relief that could be granted thereunder is a writ of injunction. When no answer is filed, and the complaint does not demand it, judgment or decree cannot be entered removing the cloud from the title to real property cast thereon by reason of a tax sale, which sale the action was brought solely to restrain, without first amending the complaint, and demanding therein that relief. An action brought solely to restrain a tax sale should be dismissed when it is shown that such sale has already taken place, an injunction being the only remedy demanded in the complaint, and no other issues being raised upon which other relief can be granted to plaintiff.

ISSUES MADE.—In an action where the demand for an injunction is only incidental to the main purpose or object of the suit, and other relief is demanded and comes within the issues made, the relief demanded may be granted, although the necessity for an injunction has disappeared.

(Syllabus by the court.)

APPEAL from District Court, Ada County.

John T. Morgan and Hawley & Puckett, for Appellants, cite no authorities upon the point decided by the court.

C. C. Cavanah and S. B. Kingsbury, for Respondents.

It is a general rule that if it is shown that the acts, the performance of which it is sought to be enjoined, are actually performed since the dissolution of said temporary injunction, the court, on appeal, has nothing before it where the bill was for injunction solely. (*Kerr v. Riddle,* 31 S. W. 328; *Texas etc. Co. v. Interstate Transp. Co.,* 155 U. S. 585, 15 Sup. Ct. Rep. 228; *Reynolds v. Everett,* 144 N. Y. 189, 39 N. E. 72; *Langmaid v. Reed,* 159 Mass. 409, 34 N. E. 593.) A writ of injunction "is used to prevent future injury, rather than to offer redress for wrongs already committed, and it is therefore to be regarded more as a preventive than as a remedial process." (1 High on Injunctions, 3d ed., sec. 3; 1 High on Injunctions, 2d ed., sec. 3; *Chicago etc. Co. v. Dey,* 35 Fed. 866, 1 L. R. A. 744; 2 High on Injunctions, 3d. ed., sec. 1495; *Delgar v. Johnson,* 44 Cal. 182; *City of Alma v. Loehr,* 42 Kan. 368, 22 Pac. 424; *Gardner v. Stroever,* 81 Cal. 148, 22 Pac. 483, 6 L. R. A. 90; *Callan v. Board of Fire Department,* 45 La. Ann. 673, 12 South, 834; *Bellevue Water Co. v. Stockslager,* 4 Idaho, 636, 43 Pac. 568.) An injunction to suspend the general and ordinary business of a corporation cannot be granted without due notice of the application therefor to the proper officers of the corporation. (Idaho Rev. Stats., secs. 4293, 4294; *Wilkie v. Rochester St. R. Co.,* 12 Hun. 242; *Larson v. Winder,* 14 Wash. 109, 53 Am. St. Rep. 864, 44 Pac. 123; *Ex parte Martin,* 13 Ark. 198, 58 Am. Dec. 321; *Atchison etc. R. Co. v. Fletcher,* 35 Kan. 236, 10 Pac. 596; *Androvett v. Brown,* 15 How. Pr. 75.)

SULLIVAN, J.—This action was brought to enjoin Boise City, a municipal corporation, and Carrie E. Myers, as city tax collector of said corporation, from selling or offering for sale at a city assessment sale certain real estate of plaintiffs, against which a special assessment has been levied by Boise

City for the payment of the costs and expenses of the construction of sewers along the alleys abutting upon the lots and property of the plaintiffs, who are appellants here. This action was commenced on the sixteenth day of June, 1899, in the district court in and for Ada county, and upon an *ex parte* showing made before the judge at chambers in Boise county a temporary injunction was issued restraining said city, its officers, agents, and attorneys, and the defendant Mrs. Carrie E. Myers, from selling or offering for sale said lots and premises, or any part thereof, to pay said taxes or assessments, until further order of the court. On the twenty-fourth day of June, 1899, the repondents filed a demurrer in which it is stated as follows: "1. That the said complaint does not state facts sufficient to constitute a cause of action; 2. That the said complaint does not state facts sufficient to show that the plaintiffs have any cause of action; 3. That there is no equity in the bill." Also, on the last-mentioned date, counsel for respondents moved to dissolve said injunction on the following grounds, to wit: "1. That the bill of complaint herein does not state facts sufficient to constitute jurisdiction in equity; 2. That the bill of complaint herein does not state facts sufficient to constitute a cause of action, or to entitle the plaintiffs to relief in equity, or to entitle the plaintiffs to an injunction, or to entitle plaintiffs to a preliminary injunction or restraining order, or to any relief whatever, either in equity or otherwise, and that there is no equity in the bill; 3. That the said bill of complaint herein contains no equity; 4. That the said honorable A. E. Mayhew had no jurisdiction or authority to grant the injunction herein, or sign the order for said injunction; 5. That it appears and is manifest from the records and papers and files herein that the plaintiffs are not entitled to a preliminary injunction or restraining order, and that there are doubtful questions of law at issue and involved, and concerning which the issues are tendered by the bill of complaint, that must first be disposed of by hearing on the merits, and that the issue of a restraining order would interfere with the governmental and administrative matters of the city government of Boise City, and cause great inconvenience to the public. This motion will be made

at the time appointed by the court for the hearing on the question of the sustaining and continuing the preliminary injunction, and will be made on the papers and files herein." The motion was heard upon the files and affidavits of M. Alexander, mayor of said city, and Mrs. Carrie E. Myers, tax collector thereof. Said motion was heard by the judge who granted the injunction, and thereafter he granted said motion to dissolve and discharge the same. Thereafter this cause came on to be heard upon the said demurrer to the complaint. The demurrer was sustained, and the appellants declined to amend the complaint, and elected to stand thereon. Thereupon judgment was entered denying them any relief whatever. This appeal is from order dissolving the injunction and from the judgment.

We shall first consider the order dissolving the injunction. That matter was heard upon the files in said case and the affidavit of M. Alexander, mayor of said city, and the said Carrie E. Myers, tax collector thereof. Said affidavits show that no notice of the application for said injunction was served on either of said affiants, and affiants state that said injunction, so issued without notice, did suspend the general and ordinary business of said city. Counsel for respondents contend that it was error for the judge to grant said injunction without notice, and in support of said contention cite the following section of the Revised Statutes, to wit: "Sec. 4293. An injunction to suspend the general and ordinary business of a corporation cannot be granted except by the court or judge thereof; nor can it be granted without due notice of the application therefor to the proper officers or agent of the corporation, except when the people of this territory are a party to the proceeding." Under the provisions of said section we think the district judge erred in granting said injunction, and there was no error in dissolving the same upon the motion of, and the showing made by, respondents. The terms "general" and "ordinary," as used in said section, are sufficiently comprehensive to include the collection of taxes to be applied in payment of the construction of sewers.

Counsel for respondents moved to dismiss this appeal on the ground that the sale sought to be enjoined had already taken

place. Said motion was heard upon the transcript and the affidavit of Mrs. Jennie L. Lamb, the successor of said Carrie E. Myers, the tax collector of said city, which affidavit shows that the sale sought to be enjoined took place on the seventh day of November, 1899. No effort was made to procure a temporary restraining order, to continue pending the appeal. Counsel for respondents contend that, as the act complained of and sought to be enjoined has already occurred and been performed, the writ of injunction can have no operation to correct it, and that this action is solely for the purpose of restraining said sale, and, as the sale has actually taken place, this court has nothing before it, as the issuance of a writ of injunction would, under those facts, be futile, and ineffective for any purpose. Appellants virtually concede that the main purpose of this suit was to obtain a perpetual injunction to restrain the sale of certain real estate. They contend, however, that they are entitled to other relief under the allegations and prayer of the complaint. After a most careful examination of the allegations of the complaint, we conclude that the only relief appellants would be entitled to would be a perpetual injunction restraining the sale of said property. That act having already taken place, a writ of injunction could not prevent it. Section 4287 of the Revised Statutes defines an injunction as being a writ or order requiring a person to refrain from a particular act. In the case at bar the particular act sought to be enjoined was the sale that has since taken place. The writ of injunction has not the power to restrain an act already done. And under the allegations of the complaint and the prayer thereof, as no answer was filed, the granting of a permanent injunction is the only relief that could be granted, as that is the only relief demanded in the complaint. Section 4353 of the Revised Statutes is as follows: "The relief granted to the plaintiff, if there be no answer, cannot exceed that which he shall have demanded in his complaint; but in any other case the court may grant him any relief consistent with the case made by the complaint, and embraced within the issue." In the case at bar no answer was filed, and under the provisions of said section the relief to be granted could not exceed that

which is demanded in the complaint. The prayer thereof is for perpetual injunction, "and for such other and further relief as may be equitable." That prayer for general relief, without an answer being filed, would not warrant a judgment or decree removing any cloud that said sale might have cast upon the title to said town lots, for that relief is not demanded by the complaint; nor could said sale be set aside under the demand or prayer of the complaint, as that was not contemplated when this action was brought—the complaint contains no allegations in that regard. This appeal stands on the complaint alone, so far as the point under consideration is concerned. This being a suit brought solely for the purpose of enjoining said sale, the sale having taken place, no injunction can now restrain said act. A writ of injunction can only issue, under our statutes, to restrain the commission of a future or contemplated act. If this were a suit in which the demand for an injunction was only incidental, and not the main purpose or object of the suit, the suit would not abate or die, in case of circumstances arising which would make the granting of the injunction futile or unnecessary. But, as this suit has for its sole object the restraining of said sale, the writ would be ineffectual if issued after the sale had taken place. This action cannot be changed into an action to set aside said sale, or to quiet title, without amending the complaint. This appeal must be decided on the complaint as we find it in the record, not as it might possibly be amended by appellants.

Other questions are presented by the record, but are not necessary to a final determination of this case, and we do not decide them. The motion to dismiss this appeal must be sustained, and it is so ordered. Costs of appeal are awarded to respondent.

Huston, C. J., and Quarles, J., concur.