JAMES W. McGREGOR v. LEVERETTE N. CASE and Others.[1]

June 14, 1900.

Nos. 11,982—(148).

Injunction—Supply of Water—Discretion of Court.

> While a municipality or water board may be restrained from cutting off a patron's supply of water because he will not pay excessive rates therefor, yet the issuance of a temporary injunction to effect that purpose is largely in the discretion of the trial court.

[1] Reported in 83 N. W. 140.

## Order Refusing Temporary Injunction—Discretion of Court.

An order refusing a temporary injunction, which rests solely upon the complaint, may be the subject of judicial discretion, although the complaint clearly authorizes the relief sought, and warrants the issuance of the injunction.

## Refusal of Injunction after Hearing.

*Held*, in this case, that the court below did not abuse its discretion in refusing the injunction based upon the complaint, after hearing.

Action in the district court for St. Louis county against Leverette N. Case, as manager of the water plant of the board of water and light commissioners of the city of Duluth, the members of said board, and said city to enjoin defendants from cutting off the supply of water from plaintiff's building. From an order, Moer, J., denying a motion for a temporary injunction, plaintiff appealed. Affirmed.

*H. B. Fryberger*, for appellant.

*Oscar Mitchell*, for respondents.

LOVELY, J.

Plaintiff complains of an illegal overcharge for the use of water for a building in the city of Duluth which had been regularly supplied according to the rules and regulations of the water board under the municipal control, and seeks, by injunctional order, to restrain the city and its water board from shutting off his supply, which is threatened unless the alleged overcharges are paid. The complaint undoubtedly states sufficient facts to show that the proper authorities had fixed a schedule of rates under which they had a right to demand of plaintiff the sum of $24.83 per month for his water supply, and no more; also, that they were demanding in excess of that sum $8.77, and actually intended to cut off his supply unless such illegal rate was paid. Upon this complaint plaintiff obtained from the district court an order to show cause why a temporary writ of injunction should not issue, restraining the water board from enforcing the illegal rate by applying the threatened cut-off to plaintiff's building. Upon the hearing of the order the same was discharged by the court, and plaintiff appeals.

It may be admitted that in a controversy over the rate charged

for water supply, where there is but one source of obtaining the same in a city, and a cut-off is threatened, an injunction may, upon proper showing, be had, to restrain the illegal duress to collect the improper charges. Sickles v. Manhattan, 64 How. Pr. 33; Wood v. City, 87 Me. 287, 32 Atl. 906; Cromwell v. Stephens, 2 Daly, 15. Such a question, if reached on final hearing of the case, would be considered more fully upon the facts, at least, than upon this hearing to obtain a temporary injunction, which depends to some extent upon the discretion of the court who grants or refuses the same. Myers v. Duluth T. Ry. Co., 53 Minn, 335, 337, 55 N. W. 140; Gorton v. Town of Forest City, 67 Minn. 36, 69 N. W. 478. Under the rule laid down by this court, the plaintiff might have paid the excessive sum of $8.77, and have recovered the same; providing, of course, that it were an illegal claim. Panton v. Duluth Gas & W. Co., 50 Minn. 175, 52 N. W. 527. And, in view of the small amount involved, the large interests of the city in operating its water system, the difficulties that might follow if it should transpire that the controversy were ill advised or unfounded, in a suit to recover the small overcharge, we cannot say that there was an abuse of discretion by the learned trial court in denying the temporary writ.

Order affirmed.