STILLWATER WATER COMPANY v. HENRY C. FARMER.[1]

May 27, 1904.

Nos. 13,826—(78).

**Judicial Discretion.**

    The action of the trial court denying the defendant's motion to dissolve a temporary injunction herein was a proper exercise of judicial discretion. Stillwater Water Co. v. Farmer, 89 Minn. 58, considered.

[1] Reported in 99 N. W. 882.

Appeal by defendant from an order of the district court for Washington county, Williston J., denying a motion to dissolve a writ of temporary injunction.   Affirmed.

*J. C. Nethaway,* for appellant.

*J. N. Searles,* for respondent.

START, C. J.

This is the second appeal in this action.   Reference is here made for a full statement of the character of the action and its material facts to the opinion on the former appeal.   89 Minn. 58, 93 N. W. 907.   It is sufficient for our present purpose to state that the action was brought to obtain a permanent injunction restraining the defendant from excavating on his own land in the immediate vicinity of a spring on the plaintiff's land, from which, by means of its waterworks plant, the plaintiff supplies the people of the city of Stillwater with water; and from thereby collecting and wasting the percolating waters which supply plaintiff's spring.

A trial of the action on the merits in the district court resulted in findings of fact and conclusions of law in favor of the defendant.   The plaintiff appealed from an order denying its motion for a new trial.   The order was reversed and a new trial granted by this court, and the case remanded to the district court, on March 11, 1903, but neither party has since noticed the cause for trial.   Nothing was done by either party until September 22, 1903, when the defendant commenced to open up the excavation of which the plaintiff complains.   The plaintiff then applied to the court commissioner of the proper county for a temporary writ of injunction restraining the defendant from prosecuting such excavation pending the action, as prayed for in the complaint. The writ was granted, and the defendant restrained accordingly.   Prior to this time there had been no injunction of any kind issued.

The defendant then moved the district court to dissolve the temporary injunction on the ground that it was improvidently granted.   The motion was made and opposed on numerous and to some extent conflicting affidavits.   The trial court made its order denying the motion to dissolve the injunction, but modified the writ as follows: ·

Ordered, further, that said writ of injunction so issued be, and the same hereby is, modified, in so far, and no farther, that noth-

ing therein contained shall be so construed as to prevent or in any manner interfere with the right of said defendant, H. C. Farmer, his servants, employees, grantees, and all other persons acting by, through, or under him, from supplying as he now does, for his own use, waters to his Fourth street barn, in said writ mentioned, by means of the iron pipe connected with the present excavation in the complaint in this action mentioned and described, or from the further appropriation, use, and enjoyment by said H. C. Farmer for his own personal beneficial use and enjoyment upon said lot 19, block 21, in said writ of injunction mentioned, or upon any adjoining lands owned by him in said block 21, of waters that would otherwise enter said spring by percolation from the soil.

The defendant appealed from the order.

The order of the district court granting or denying a motion to dissolve a temporary injunction is largely a matter of judicial discretion, and will not be reversed on appeal except for an abuse of such discretion. Gorton v. Town of Forest City, 67 Minn. 36, 69 N. W. 478; McGregor v. Case, 80 Minn. 214, 83 N. W. 140. If it be clear from the record that the defendant, as he claims, has neither done nor threatened to do anything in the premises not within his legal rights as defined by this court in its decision on the former appeal, the court erred in denying the motion to dissolve the injunction; otherwise not.

Our decision on that appeal was admittedly a qualification of the absolute rule, which has the support of eminent authority, that a landowner may do as he pleases with percolating waters under the surface of his soil, and may collect, divert, consume, use, or waste such waters with impunity. We held that the owner of land cannot collect and wantonly waste percolating waters to the injury of his neighbor or the public. But we did not hold, as counsel for the respondent seems to claim, that a landowner could not, in a reasonable manner and in good faith, collect percolating waters in his own soil, and by means of mains and pumps utilize them for commercial purposes, even if it diminished the water supply of his neighbor. On the contrary, it is stated in the opinion that "if the collection of these waters was essential and necessary that defendant might use them for any reasonable purpose, or

even if, from the evidence, it could be found that he was competing with the plaintiff, and proposed to use the waters for a public purpose, * * * then there would be very little doubt as to the rule to be applied, and of the correctness of the conclusion reached by the court below."

It is here the contention of the defendant that it conclusively appears from the affidavits used on his motion to dissolve the injunction that it is his bona fide purpose to make only a reasonable use of the waters in question, and to incidentally compete with the plaintiff. His alleged present purpose is to collect the percolating waters in his land, and, by means of pipes and hydraulic rams, force them into tanks connected with a waterworks plant which he proposes in good faith to complete, and thereby utilize the waters for domestic, public, and commercial purposes. It is not entirely clear from the record in this case, and the affidavits upon which the trial court's order was based, that the defendant's alleged plan for utilizing the waters in question by establishing a waterworks plant is a reasonable and practicable one, nor does it conclusively appear, as claimed, that such is the bona fide purpose of the defendant in making the excavations.

These questions can best be determined on a trial of the action on the merits, and they ought not to be determined on ex parte affidavits unless it be necessary to conserve the clear legal rights of the defendant. The delay of the defendant in bringing this action to trial indicates quite clearly that he will not be seriously embarrassed by a continuance pending the action of the injunction as modified by the trial court. On the other hand, it would be a serious matter for the plaintiff to have its cause of action practically determined on affidavits, and without a trial on the merits. We are of the opinion that the action of the trial judge in denying the motion to dissolve the injunction as modified was a fair exercise of judicial discretion.

Order affirmed.