MARY MEYER v. TOWN OF PETERSBURG and Others.[1]

November 24, 1905.

Nos. 14,525—(89).

**Injunction.**

The trial court did not abuse its discretion in dissolving a temporary injunction enjoining the defendants, as town supervisors, pending the action, from removing fences out of the locus in quo, which they claimed to be a public highway.

Appeal by plaintiff from an order of the district court for Jackson county, Quinn, J., vacating a temporary injunction theretofore granted

[1] Reported in 104 N. W. 899.

by the court commissioner pending determination of the action. Affirmed.

*Albert R. Allen* and *De Forrest Ward,* for appellant.

*Knox & Faber,* for respondents.

START, C. J.

The plaintiff brought this action in the district court of the county of Jackson to restrain the defendants from trespassing upon her land and removing the fences thereon. When the action was begun a temporary injunction was issued ex parte by the court commissioner so restraining the defendants pending the action. The defendants, who constitute the board of supervisors of the town of Petersburg, by their answer put in issue the allegations of the complaint and alleged that the locus in quo was a public highway. Thereupon they moved the court upon the pleadings and affidavits for an order dissolving the temporary injunction. The motion was opposed by the plaintiff upon affidavits and public records. The trial court, after hearing the parties, made its order dissolving the injunction, and the plaintiff appealed from the order.

An order of a trial court granting or denying a temporary injunction is largely a matter of judicial discretion, and will not be reversed on appeal, except for an abuse of such discretion. Myers v. Duluth Transfer Ry. Co., 53 Minn. 335, 55 N. W. 140; Gorton v. Town of Forest City, 67 Minn. 36, 69 N. W. 478; Stillwater Water Co. v. Farmer, 92 Minn. 230, 99 N. W. 882. The evidence on the part of the defendants on the hearing of the motion tended to show that the locus in quo was a public highway by statutory use or dedication, and on the part of the plaintiff that it was not, and, further, that there was a public highway laid out and existing on the section line, near, but not on, the locus in quo. We are of the opinion that the trial court did not abuse its discretion in dissolving the temporary injunction; for it requires a very clear case to justify the closing of an alleged highway by injunction, pending a suit to determine whether it is or is not a public highway.

The plaintiff cites the case of Chadbourne v. Zilsdorf, 34 Minn. 43, 24 N. W. 308. No temporary injunction was issued in that case, but by the final judgment it was determined that the locus in quo was not a public highway, and the defendant, as road overseer, or otherwise,

was permanently enjoined from entering thereon. Upon an appeal to this court it was held that the permanent injunction was properly allowed. The case cited has no relevancy to the question whether the temporary injunction was or was not properly dissolved in this case.

Order affirmed.