Points Decided.

(September 22, 1910.)

## C. E. B. ROBERTS et al., Appellants, v. PAUL R. KARTZKE et al., Respondents.

[111 Pac. 1.]

PRIMARY ELECTION—CANVASSING BOARD — INJUNCTION — DISCRETION OF COURT—RESTRAINING ACT ALREADY DONE—ORDER DENYING INJUNCTION—APPEAL FROM.

(Syllabus by the court.)

1. Under the provisions of sec. 4287, Rev. Codes, an injunction is a writ or order requiring a person to refrain from doing a particular act.

2. Where an appeal is taken from an order denying an application for a temporary restraining order, made upon the complaint alone, without notice to the adverse party, to restrain a canvassing board from canvassing the vote of a certain precinct in a county, and a motion is made to dismiss the appeal based upon the affidavit of the clerk of the canvassing board, showing that such board had canvassed and certified the abstract of votes of such county and precinct prior to the taking of the appeal, the motion will be granted and the appeal dismissed.

3. The granting of an injunction is a matter of judicial discretion, and the granting of a preliminary restraining order *ex parte* rests still more largely in the discretion of the court or judge.

4. The judge or court should not grant a temporary restraining order upon the verified complaint alone in an action of great public importance where the party to be affected thereby can be readily notified, except in case of extreme emergency, as a hasty and improvident granting of temporary injunctions, without notice, is not in accord with the fair and orderly administration of justice.

5. An appeal from an order denying an application for a temporary restraining order does not operate as a supersedeas of the order appealed from, and at the same time in effect grant the restraining order pending the appeal.

APPEAL from the District Court of the Fourth Judicial District, for Lincoln County. Hon. E. A. Walters, Judge.

Action to enjoin the canvassing board from canvassing and certifying an abstract of the vote in Hillsdale precinct, Lincoln county. Application denied. *Affirmed.*

W. G. Bissell, W. T. Stafford, T. E. Bennett, Sutphen & Sutphen, R. R. Cook, D. W. Zent, and E. R. Dampier, for Appellants.

This proceeding was not an application for injunction without notice, but was an application for a temporary injunction merely, and that before granting the injunction a hearing might be had at a time and place designated where each party should have ample opportunity to be heard.

Courts of equity may restrain boards of commissioners from canvassing and counting the result of elections held without authority of law. (*State v. Eggleston,* 34 Kan. 714, 10 Pac. 3; *Gossard v. Vaught,* 10 Kan. 162; *State v. Marion County Commr.,* 21 Kan. 437; *Bradley v. Canvassers,* 154 Mich. 274, 117 N. W. 649; *People v. Tool,* 35 Colo. 225, 117 Am. St. 198, 86 Pac. 224, 6 L. R. A., N. S., 822.)

Appellant contends that while the statute fails to provide the remedy, that there is a remedy; that the court is authorized under the state constitution to read into the law the mandatory and self-enacting provision of sec. 18, art. 1 of the Bill of Rights, and grant the injunction asked for in the court below, by reversing and remanding the order with direction to the lower court that the temporary injunction be issued, a time and place fixed for the hearing of the cause as prayed for in appellant's original complaint and application.

Frank T. Disney, County Attorney, Paul S. Haddock, J. R. Bothwell, Harlan D. Heist, and Victor O. Johnson, for Respondents.

An injunction will not issue to restrain a commission of an act already performed. (*Wilson v. City of Boise,* 7 Ida. 69, 60 Pac. 84; 2 High on Injunctions, sec. 1701a; *Gallaher v. Schneider,* 110 Ga. 322, 35 S. E. 321; *Ambos v. Savannah, T. & I. O. H. Ry.,* 113 Ga. 1012, 39 S. E. 477; *McKinney v. County Commrs.* (Fla.), 3 So. 887; *Delger v. Johnson,* 44 Cal. 182; *People v. Clark,* 70 N. Y. 518; *People v. Common Council,* 82 N. Y. 575; *In re Manning,* 139 N. Y. 446, 34 N. E. 931.)

The granting of any injunction is largely a matter of judicial discretion. The granting of a *preliminary* injunction

rests still more largely in the discretion of the court. (22 Cyc. 749.)

"The granting of a preliminary injunction resting in the sound discretion of the court, the appellate court will not disturb the same where there is no abuse of discretion." (*Washington & Idaho Ry. Co. v. Coeur d'Alene Ry. & Nav. Co.,* 2 Ida. 439, 17 Pac. 142; *Shields v. Johnson,* 10 Ida. 454, 79 Pac. 394; *Weber v. Della Mt. Min. Co.,* 11 Ida. 265, 81 Pac. 931.)

"A court or judge should never grant a temporary injunction in an action involving large pecuniary interests, or other important matters, without notice, where the party to be affected thereby can be readily notified, except in case of extreme emergency." (*Atchison etc. Co. v. Fletcher,* 35 Kan. 236, 10 Pac. 596; 10 Am. Digest (Dec. ed.), sec. 143, subd. h; *McGregor v. Case,* 80 Minn. 214, 83 N. W. 140.)

SULLIVAN, C. J.—This is an appeal from an order denying an application for a temporary injunction *pendente lite.* The action was brought to restrain the board of county commissioners of Lincoln county, acting as a canvassing board, from canvassing the votes cast in Hillsdale precinct of said county at the primary election held on August 30, 1910.

The principal allegation on which the action is based is to the effect that the voting place in said precinct, as designated by the board of county commissioners, was at the schoolhouse in School District No. 34, and that the election was held at the schoolhouse in School District No. 37, eight and one-half miles distant from the schoolhouse in said District No. 34, and counsel contend for that reason the vote cast in said precinct was absolutely void and that the board of canvassers had no authority in law to count and certify the same under the provisions of sec. 448, Rev. Codes, or sec. 37 of the primary election law.

The application for the writ was made without notice, upon an *ex parte* application. The judge denied said application and the order denying the same is assigned as error.

When the case was reached for hearing in this court, respondents moved to dismiss the appeal on the ground that the act of the board of canvassers sought to be enjoined had been done and performed prior to the filing or service of any notice of appeal from the order denying said application.

In support of said motion, there was presented the affidavit of the clerk of the board of said county commissioners, to the effect that said board completed the canvass of all of the votes cast in said county and in said Hillsdale precinct, and had completed the abstracts thereof on the 8th day of September, 1910, and had certified them to the Secretary of State, which abstracts included the votes from said Hillsdale precinct as well as all other precincts in said county, and that said abstracts were on file in the proper office and that said canvassing board adjourned on said date *sine die;* that no notice of the appeal was served upon the clerk of said board until 1:35 P. M. on the 9th day of September, 1910, and after said abstracts had been certified and the canvassing board had adjourned *sine die.*

An injunction is defined by sec. 4287, Rev. Codes, as follows: "An injunction is a writ or order requiring a person to refrain from a particular act." In *Wilson v. Boise City,* 7 Ida. 69, 60 Pac. 84, this court held that a writ of injunction would not be issued to restrain an act already done. In the case at bar the judge denied the application and no stay of proceedings was had pending the appeal.

In vol. 2, High on Injunctions, sec. 1701a, it is said: "Where an appeal is taken from an order dissolving or denying a preliminary injunction or dismissing the bill, and, pending the appeal, the act sought to be restrained has been accomplished, that fact, upon being brought to the attention of the reviewing court by motion supported by affidavit affords sufficient ground for dismissing the appeal, the dismissal being without prejudice." (*Gallaher v. Schneider,* 110 Ga. 322, 35 S. E. 321; *Ambos v. Savannah T. & I. O. H. Ry.,* 113 Ga. 1012, 39 S. E. 477.) In the last-cited case, the syllabus is as follows: "It appearing to this court that, since the refusal of the application for temporary injunction by

the court below, the defendant has done all the acts sought to be enjoined, no supersedeas having been granted, the writ of error is dismissed without prejudice. This case is controlled by the decision in *Gallaher v. Schneider,* 110 Ga. 322, 35 S. E. 321.''

The act sought to be enjoined in the case at bar had been performed and under the authority of the case of *Wilson v. Boise City, supra,* the motion to dismiss must be granted.

### *Application Made Without Notice to Adverse Party.*

The order appealed from was made upon an *ex parte* application for a restraining order *pendente lite,* and upon a careful examination of the complaint, this court is unable to say that the judge abused his discretion in denying said application. This conclusion is reached without deciding whether or not a restraining order will lie in such a case as the one at bar.

It is a well-recognized rule that the granting of an injunction is a matter of judicial discretion, and the granting of a preliminary restraining order, *ex parte,* rests still more largely in the discretion of the court. Where an application is made on the complaint alone as in the case at bar, and without notice to the adverse party, where the court knows of his own knowledge that notice may readily be given, and has the authority to interrogate the applicant or his attorney as to the facts stated in the complaint and may consider such information in passing upon the application for a temporary restraining order, the granting of such a restraining order rests more largely in the discretion of the court than an application made upon notice.

This court held in *Washington & I. Ry. Co. v. Coeur d'Alene Ry. & Nav. Co.,* 2 Ida. 439, 17 Pac. 142, that the granting of a preliminary injunction rests in the sound discretion of the court, and that the appellate court will not disturb the action of the trial court where no abuse of discretion appears. (*Shields v. Johnson,* 10 Ida. 454, 79 Pac. 394; *Weber v. Della Mt. Min. Co.,* 11 Ida. 265, 81 Pac. 931.)

In *Atch. etc. Co. v. Fletcher,* 35 Kan. 236, 10 Pac. 596, it is said in the syllabus: ''Therefore, the court or judge should never grant a temporary injunction in an action involving large pecuniary interests, or other important matters, without notice, where the party to be affected thereby can be readily notified, except in case of extreme emergency. The hasty and improvident granting of temporary injunctions without notice is not in accordance with a fair and orderly administration of justice.'' (10 Am. Dec. Digest, sec. 134, subd. h.)

In *McGregor v. Case,* 80 Minn. 214, 83 N. W. 140, it was held that an order refusing a temporary injunction which rested solely on the complaint may be the subject of judicial discretion, although the complaint on its face clearly authorizes the relief sought and warrants the issuance of the injunction. And it was there held that the court did not abuse its discretion in refusing an injunction based upon the complaint. (22 Cyc. 924.)

It is intimated that since appellant has taken all the steps prescribed by the statute to perfect his appeal, that the taking of such appeal ought to and does have the force and effect of a restraining order such as the trial court denied pending the appeal. This is an absurd contention, for the reason that the appellant would thus secure by taking his appeal just what the trial judge refused to give him. Had the trial judge granted an injunction and thereafter on motion dissolved the same, and an appeal been taken from the order of dissolution, the judge might in the meantime, had he seen fit to do so, have suspended the order of dissolution pending the appeal. But in the case at bar, a restraining order was denied, and we know of no principle of law in such a case that would permit the appellant, in effect, to reverse the order of the judge pending an appeal simply by taking an appeal. An appeal from an order denying an application for an injunction does not operate as a supersedeas of the order appealed from and at the same time grant a temporary injunction *pendente lite.* It must be borne in mind in this case that a restraining order had been denied.

The appeal is dismissed and costs awarded in favor of respondents.

AILSHIE, J., Concurring.—I am not prepared to say that the appeal should be dismissed in every case where it appears. that the act sought to be enjoined has been committed either before the taking of the appeal or before the hearing in the appellate court. I do agree, however, that where the act is. purely and solely ministerial, as it was in *Wilson v. Boise City,* 7 Ida. 69, 60 Pac. 84, and is in this case, the appeal. should be dismissed. Under such circumstances the appeal becomes purely a moot case—it will require some other remedy to afford any ultimate relief.