## CHARLES H. MOREHOUSE, Appellant, v. ANDREW LITTLE and CLIFTON SHERMAN, Respondents.

[232 Pac. 1099.]

INJUNCTION—DESTRUCTION OF SUBJECT MATTER OF ACTION—DISMISSAL —FINDINGS.

　　Where an action is brought seeking to enjoin interference with a headgate or dividing-box and to determine the interests of the respective parties therein, but no damages are sought, and before final judgment is entered such headgate or dividing-box is washed out and no attempt is made to rebuild the same, the subject matter of the action being destroyed, the action abated and judgment of dismissal was properly entered.

APPEAL from the District Court of the Seventh Judicial District, for Payette County. Hon. B. S. Varian, Judge.

Action for injunction. Judgment of dismissal. *Modified.*

Publisher's Note.

Conditions at time of trial or at time of instituting suit as affecting right to injunctive relief, see note in **Ann. Cas. 1915D,** 1252.

Hugh E. McElroy, for Appellant.

"A headgate rightfully placed in the banks of a ditch, which does not impede the flow of water therein, may not be removed by one who has a right to the use of the ditch in common with the owner of the headgate because he contends that the owner does not have a right to carry water through the ditch." (*Austin v. Wilson Irr. Co.*, 34 Ida. 87, 199 Pac. 375; C. S., secs. 8533, 8537.)

"In the exercise of the discretionary power to grant injunctive relief, the court is authorized, and, in fact, it may be said that it is its duty, to determine, not merely whether the complainant was entitled to an injunction at the time he instituted the suit, but whether under the facts as they appear at the time of the trial such relief should be granted." (14 R. C. L. 308.)

Finley Monroe and Frawley & Koelsch, for Respondents.

The court committed no error in not making findings upon matters where no issue was joined. (8 Ency. of Pl. & Pr., pp. 936, 937.)

An injunction can only issue to restrain the commission of a future or contemplated action, and the writ will not be granted to restrain an act which has already occurred. (*Wilson v. Boise City*, 7 Ida. 69, 60 Pac. 84; *Roberts v. Kartzke*, 18 Ida. 552, 111 Pac. 1; *Brinton v. Steele*, 19 Ida. 71, 112 Pac. 319.)

BUDGE, J.—This action was brought for the purpose of restraining respondents from interfering with a headgate jointly used by appellant and respondent Little and to establish their respective interests in and to the headgate and the ditch in which the same was placed. Respondent Sherman is an employee of Little.

From the record it appears that both appellant and respondent Little were entitled to use water from Big Willow Creek upon their respective lands, which water was conveyed thereto through what is known as the Claiborn canal. At the lower end of this canal a joint headgate or dividing-

box was placed, so constructed as to divide equally the water flowing in the canal, each half being conducted by separate laterals to the respective lands of appellant and respondent Little. Appellant in his complaint alleges that he is the owner of an undivided one-half interest in the canal down to the point where the headgate was placed and that respondent Little claims to be the owner of the remaining one-half interest therein, and that during more than twenty years last past appellant and respondent Little, and their predecessors, have operated, maintained and used said canal jointly down to that point. It is alleged that on two occasions respondents closed appellant's half of the headgate or dividing-box by filling the same with sand and gravel, and, unless restrained by injunction, they will continue to deprive appellant of water for his crops and cause him great and irreparable injury. Respondent's answer to the complaint is in effect a denial, but alleges affirmatively that appellant is only entitled to flood waters for the irrigation of his land and that as soon as such flood waters ceased to flow, respondent Little was entitled to the use of all the decreed waters flowing in the canal and for that reason caused appellant's half of the dividing-box or headgate to be filled up, inasmuch as there was no water flowing in the canal to which appellant was entitled. Upon the issues thus framed the cause was tried to the court on April 4, 1922, a jury being waived. The court thereafter rendered its decision and granted appellant a permanent injunction restraining respondents from interfering with the headgate until the water in the Claiborn canal measured 75 inches or less. Certain inaccuracies being called to the attention of the court, the latter ordered a hearing to settle the findings of fact, at which time, upon motion of respondents and with the consent of appellant, the case was reopened on July 17, 1922, for the purpose of submitting further testimony. From this testimony it was shown that the headgate or dividing-box in question had been completely washed out and also the embankment upon which it was placed; that respondent Little had been taking water through a head-

gate placed in his own ditch and that water had been flowing down appellant's ditch but that no effort had been made to rebuild the former headgate or dividing-box, and that there had been no controversy between the parties as to the division of the water. Findings of fact and conclusions of law were thereupon made by the court and judgment was entered dismissing the action. From this judgment this appeal is prosecuted.

Ten assignments of error are specified and relied upon by appellant. We shall not discuss separately each assignment of error but will confine our discussion to the three questions raised by the assignments: First, whether appellant was entitled to an injunction; second, whether an adjudication should have been made by the court as to the respective rights in the headgate or dividing-box; and third, whether the court should have determined the respective rights of the parties in the Claiborn canal.

Discussing the first and second questions together, the court found, and there is sufficient competent, uncontradicted evidence to support such finding, that the headgate or dividing-box had been washed out and was no longer in use or existence. This being true, the subject matter of the action, as far as the injunction is concerned, had been destroyed, and the action in this respect has abated. (*Abels v. Turner Trust Co.,* 31 Ida. 777, 176 Pac. 884; *Roberts v. Kartzke,* 18 Ida. 552, 111 Pac. 1; *Wilson v. Boise City,* 7 Ida. 69, 60 Pac. 84.) And this is also true as to the determination of the respective rights in the headgate.

The third question is as to whether or not the court should have made findings of fact, conclusions of law and entered its decree adjudging appellant to be the owner of an undivided one-half interest in the Claiborn canal. The complaint alleged that appellant owned an undivided one-half interest in the canal in question and that respondent Little claimed to own an undivided one-half interest therein. This was denied by the answer and presented an issue in the lower court. However, it is conceded by respondents in their brief and it was admitted upon the trial that appel-

lant is the owner of an undivided one-half interest in the Claiborn canal. However, a majority of the court is of the opinion that the trial court should, by its findings of fact, conclusions of law and its decree, have awarded to appellant an undivided one-half interest in the Claiborn canal.

The cause is therefore remanded to the lower court, with instructions to amend its findings of fact, conclusions of law and decree as hereinbefore indicated. Costs are awarded to appellant.

McCarthy, C. J., William A. Lee and Wm. E. Lee, JJ., concur.