All the Justices concurring.

---

## The N. C. C. M. & S. Co. v. E. W. Eakins.

1. New Trial; *Costs; Practice.* When a new trial is sought on the ground of accident, newly-discovered evidence, or other ground that impliedly concede, that the trial already had was without error and the opposing party without fault, there is. propriety in requiring the payment of the costs of that trial as a condition of granting a new one, but when the new trial is sought and awarded solely on the ground of error on the part of the court or jury, or misconduct on the part of the plaintiff, it is rare that any costs should be taxed against the moving party.

2. New Trial; *Costs; Practice; Error.* Plaintiff sued defendant, alleging that it was a partner in a company to which plaintiff had hired and for which he had done work. Upon the trial he testified that at the time he did the work he did not understand that defendant was a partner in said company. The testimony showed that it was not in fact a partner. Nevertheless the jury found a verdict against it. Upon its motion, on the ground solely of errors at the trial, the district court ruled that it should be granted a new trial, but only upon payment of all costs in that court. *Held,* Error, and that the new trial should have been awarded absolutely and without conditions.

*Error from Cherokee District Court.*

Action for labor, brought by *Eakins* against the *North Center Creek Mining & Smelting Company.* Trial and judgment for the plaintiff, at the January Term, 1879, of the district court. The defendant brings the case to this court. The facts are sufficiently stated in the opinion.

· .*W. R. Cowley*, for plaintiff in error.

*James F. St. Clair*, for defendant in error.

The opinion of the court was delivered by·

BREWER, J.: This was an action appealed from a justice of the peace, for labor done in and about certain zinc smelting works. The question was as to the liability of the defendant, no question being made as to the fact of the work or its value. The verdict was against the defendant. Upon a·motion for a new trial, the court ruled that it should be granted, upon the payment within thirty days of all costs in the district court, and in default of such payment, that it should. be overruled, and judgment entered on the verdict. The defendant alleges error.

The grounds of the motion for a new trial were, that the verdict was contrary to the law and the evidence, that the court erred in admitting testimony, and in other rulings. No claim was made on account of accident, surprise, or newly-discovered evidence. The claim of the defendant therefore was, that there was error on the part of the court or jury to its prejudice. The court, by sustaining the motion, even conditionally, in effect found that such claim was correct; and yet it refused any relief to defendant, except upon payment of costs. Now when the claim for a new trial is based upon accident, or newly-discovered testimony, grounds which concede the correctness of the trial already had, there is often fairness and justice in requiring a payment of the costs of such trial as a condition of a new one. For if the victorious party is without fault and the proceedings without error, it is a hardship on him to be compelled to relinquish what he has obtained and venture upon a new trial, simply on account of the intervention of some new fact in behalf of his opponent. It is often just to make the party who has thus obtained an opportunity to relitigate his case, pay the fruitlessly expended costs of the first trial. But a different rule prevails where the new trial is claimed and awarded, not on

account of the intervention of some new fact, but because of
wrong conduct on the part of the successful party, or because
the court or jury has at his instance and upon his solicitation
committed error.   In such case, if the error is a material one,
the moving party has a clear, legal right to a second trial.
He is the party without fault, and his adversary the wrong-
doer; and the new trial should as a rule go without costs.
We are aware of the statute which provides that the "costs
of motions and the like shall be taxed and paid as the court
in its discretion may direct." (Comp. Laws 1879, p. 682,
§ 588.) We also know that often in trials both parties
are in fact in some fault, and the motions for new trials
cover all grounds, so that it is not always possible to deter-
mine upon what grounds the motion is sustained.   But
what we have suggested is, as to the rules which
should control the discretion of the court in the matter
of costs upon motions for new trials.   Now as we have sta-
ted, the ruling of the court was an expression of its opinion
that there had been error prejudicial to the rights of defend-
ant, an opinion with which, after examining the record, we
fully concur.   The essential facts are, that a tripartite written
agreement was entered into between L. D. Boone, the owner
of certain zinc works, the defendant, and Louis Vogle, and
Louis Goes, doing business under the name of the Consoli-
dated Zinc Mining & Smelting Company, by the terms of
which Boone was to put his works in repair and lease them.
The defendant was to furnish zinc ore for smelting and the
C. Z. M. & S. Co. were to hire all needed employés and run
the works, smelting the ore furnished by the defendant, and
after paying one stipulated portion of the product to Boone
for the rent of the works and another stipulated portion to
the defendant for ore, take the balance for its compensation.
Evidently, from the terms of this agreement, no partnership
was contemplated between these parties, but simply an ar-
rangement for the rent of buildings and machinery and the
reduction of ore to mineral.   So the court instructed the jury,
and the instruction was correct.   The court also correctly in-

structed as to the circumstances under which one not in fact a partner might become liable as partner to third parties by reason of his conduct in respect to the partnership affairs, and charged that if the plaintiff did not at the time of doing the work understand that defendant was a partner or responsible for the work, he could not hold the defendant unless it was in fact a partner. Turning now to the testimony, we find the plaintiff, after testifying that he hired to the Consolidated Zinc Mining & Smelting Company, stating, "I did not know at the time I hired with Mr. Vogle that he was in partnership with the North Center Creek Mining & Smelting Company, nor did I know it at the time I brought this action." Indeed, the defendant was not a party at the commencement of the action, but made one subsequently by amendment. As the defendant was not in fact a partner, and as the plaintiff did not suppose it was a partner, it is difficult to see upon what ground a recovery against it can be sustained. The court was right in ruling that it was entitled to a new trial, and the error was in making the payment of costs a condition precedent. It should have been granted without condition. Without fault on its part, the defendant had been brought into court and compelled to litigate an unjust demand, and should not have been required to pay any costs the plaintiff had made as a condition of protection in its defense.

The judgment in the district court will be reversed, and the case remanded with instructions to grant a new trial.

All the Justices concurring.