(May 15, 1902.)

## CITY OF WALLACE v. DEANE.

### [69 Pac. 62.]

DISMISSAL OF APPEAL—INJUNCTION—INEFFECTUAL RELIEF.—Upon an appeal from an order dissolving a temporary injunction, where it is made to appear in the appellate court that the cause in which the injunction issued has been finally determined in the lower court, and no appeal taken from the final judgment, and the time in which to take an appeal from such final order has expired, the appellate court will on motion dismiss the appeal on the ground that it would be an idle act either to affirm or reverse the order dissolving such injunction.

(Syllabus by the court.)

APPEAL from District Court, Shoshone County.

W. W. Woods, A. G. Kerns and William Shaw, for Appellant.

If the order determined all the questions in issue, and did not adjourn the matter for further consideration, it is a final decree. (*Richmond v. Atwood,* 52 Fed. 10, 17 L. R. A. 615.) When a bill seeks no other relief, an order vacating an injunction is appealable; and where the order operates to dismiss the bill it is a final disposition of the case. (*Helm v. Gilroy,* 20 Or. 517, 26 Pac. 851; *Pentecost v. Magahee,* 5 Ill. 326.)

C. W. Beale, for Respondents.

"Where the time has passed wherein a receivership or an injunction would be of avail, the court will not award it." (*Chicago Horseshoe Co. v. Lewis,* 156 Ind. 232, 59 N. E. 466; *State v. Board of Commrs.,* 153 Ind. 302, 54 N. E. 809; *In re Manning,* 139 N. Y. 446, 34 N. E. 931.) Appeal from an order denying an injunction *pendente lite* will be dismissed, when the issuance of such injunction would be a vain and frivolous act. (*Foster v. Smith,* 115 Cal. 611, 47 Pac. 591; *Herring v. Pugh,* 125 N. C. 437, 34 S. E. 538; *State v. Otero,* 52 La. Ann. 1, 26 South. 812.)

QUARLES, C. J.—This is an appeal from an order of the district court dissolving a temporary injunction theretofore granted by said district court in this action, which order so appealed from was made and entered on the sixth day of August, 1900. It was made to appear in this court that afterward, on the fifth day of November, 1900, a final judgment in favor of the respondents was entered in this action in the district court, whereby said action was terminated. It is also made to appear that no appeal from said final judgment has been taken, and that the time for taking such appeal has expired. Upon these grounds the respondents move to dismiss this appeal. This motion must be sustained. A review of the action of the district court upon the motion to dissolve said temporary injunction would be an idle act upon the part of this court. That order, if erroneous, must stand. Its reversal would accomplish no useful or beneficial purpose to anyone,

and would not affect the status of the parties, as the controversy has long since ended.

For the foregoing reasons, the motion to dismiss the appeal is sustained.

Sullivan and Stockslager, JJ., concur.