## BOARD OF COM'RS OF CLEVELAND COUNTY v. STOGNER, *Clerk of Court.*

No. 7526. Opinion Filed May 16, 1916.

(157 Pac. 923.)

APPEAL AND ERROR—Moot Cases. Abstract or hypothetical cases, disconnected from the granting of actual relief, or from the determination of which no particular result can follow other than the awarding of the costs of the appeal, will not be decided by this court.

(Syllabus by Bleakmore, C.)

Original action by the Board of County Commissioners of Cleveland County against Jim Stogner, Court Clerk of Cleveland County, for writ of mandamus. Dismissed.

*W. L. Eagleton* and *J. P. Whittinghill,* for petitioner.

*Burford, Robertson & Hoffman,* for respondent.

Op'nion by BLEAKMORE, C. This is an original proceeding commenced in this court by the filing of a

petition seeking a writ of mandamus to compel Jim Stogner, court clerk of Cleveland county, Okla., to certify and file, as required by law, a transcript of the record in a certain cause then pending in the county court of Cleveland county, Okla., wherein the board of county commissioners of said county was plaintiff, and the Oklahoma Sanitarium Company (now the State Hospital) was defendant, in order that plaintiff therein might appeal said cause to this court. Alternative writ of mandamus issued, returnable July 19, 1915, of which return was made in due time. Thereafter, without further order of this court, respondent certified and filed the transcript in said cause, and an appeal from the judgment therein has been perfected.

It is apparent that this cause now presents only hypothetical questions, a determination of which could not result in the granting of any actual relief, further than the awarding of costs. In *McCullough et al. v. Gilcrease*, 40 Okla. 741, 141 Pac. 5, it is held:

"Abstract or hypothetical cases, disconnected from the granting of actual relief, or from the determination of which no particular result can follow other than the awarding of the costs of the appeal, will not be decided by this court."

It follows that this proceeding should be dismissed.

By the Court: It is so ordered.