(72 South. 801)

No. 22116.

FAIN v. FAIN.

In re FAIN.

(Oct. 16, 1916.)

*(Syllabus by the Court.)*

APPEAL AND ERROR ☞19—PROHIBITION ☞13—NATURE OF REMEDY—EXISTENCE OF ACTUAL CONTROVERSY.

Prohibition will not lie to prohibit the doing of a thing already done; nor will this court enter into the investigation of a legal question with a view of determining whether an order of a district court which, according to its own terms, has ceased to be operative, should be annulled.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 63–80; Dec. Dig. ☞19; Prohibition, Cent. Dig. § 62; Dec. Dig. ☞13.]

Action by Mrs. Bessie Hailles Fain against John B. Fain, Jr. Application by defendant for certiorari and prohibition. Dismissed.

R. M. Taliaferro, of Harrisonburg, for relator. Dale, Young & Dale, of Vidalia, for respondent.

MONROE, C. J. It appears that plaintiff brought suit against defendant (her husband), in the district court for the parish of Catahoula, on June 22, 1916, alleging that they were domiciled in that parish, but that she had, a few days before, been compelled to leave him and seek refuge at the home of her parents in Clinton, Miss., and praying, upon grounds set forth in her petition, for a judgment of separation from bed and board, and that she, at the same time, ruled defendant to show cause why she should not be awarded the custody of the only child of the marriage, a boy then two years old, during the pendency of the suit. She also prayed that she be allowed alimony, pendente lite, in the amount of $25 per month; but there is no issue before us on that point.

The trial judge made an order, of even date with the filing of the petition, assigning the domicile of plaintiff's parents, in Clinton, as her "temporary residence." Defendant filed his answer, on the merits, on June 26th. On June 28th, plaintiff filed an amended petition, and, on the same day, defendant also filed a rule requiring plaintiff to show cause why the order assigning her a residence beyond the jurisdiction of the court should not be rescinded.

"The rule and main suit" (according to the minute entry) "were merged by consent of the parties and the case taken up on its merits and the evidence proceeded with."

On the following day (June 29th) the court gave judgment on both rules in favor of the plaintiff in the suit as follows:

"That the plaintiff * * * do have the custody and control of her minor child during the pendency of the suit filed herein against her husband; * * * that, temporarily, and during the recess of the court, the domicile of the said wife * * * is fixed at the residence of her mother and father, Mr. and Mrs. J. L. Hailles, at Clinton, Miss.; * * * that the said husband * * * during said time shall have the right to visit said child at said place as often as he may desire."

The case, upon the merits, was taken under advisement, and defendant gave notice that he would apply to this court for relief against the order fixing the domicile of the wife in a foreign jurisdiction and impliedly authorizing the removal thither of the child, and he made his application, accordingly, alleging that it was incompetent for the judge to make the order, and praying that he be required to show cause why he should not be prohibited from executing it and why it should not be decreed null. The order to show cause was made returnable upon October 3d, and, before that date, the judge made answer assigning several reasons why the prayer of the petition should not be granted, one of them being that "the recess of the court ended on the 1st day of September, 1916, and that the order" (of which plaintiff complains) "expired when the recess ended."

In other words, the order in question had been fully executed before plaintiff's complaint had been put at issue, and there is therefore nothing at present upon which the writ of prohibition could operate; nor do we feel called upon to annul an order which has already become ineffective.

Courts do not sit for the decision of moot questions.

This application is therefore dismissed, at the cost of the relator.