(April 24, 1917.)

J. B. COBURN, Appellant, v. H. H. THORNTON, JOHN LOWE and JOHN McMURRAY, as the Board of County Commissioners of Cassia County, Idaho, W. O. PRATT, as Sheriff of said Cassia County, Idaho, UNITED STATES FIDELITY AND GUARANTY COMPANY, and NATIONAL SURETY COMPANY, Respondents.

[164 Pac. 1012.]

CHANGE OF VENUE—DENIAL—APPEAL—MOOT CASE—COSTS—DISMISSAL.

*Held,* where an appeal from an order of the district court, denying a motion for a change of venue and continuing the cause for the term, is prosecuted upon the ground that the trial judge is disqualified, and where upon the hearing of such appeal it appears that such disqualification has ceased to exist because such trial judge is no longer an incumbent in office, this court will take judicial notice of that fact and the appeal will be dismissed, for the reason

that no actual relief can now be afforded other than the awarding of costs, and costs being merely incidental to a judgment, do not constitute a matter of controversy sufficient to warrant an appellate court in entertaining an appeal.

[As to change of venue, see note in 74 **Am. Dec.** 241.]

APPEAL from the District Court of the Fourth Judicial District, for Cassia County. Hon. Edward A. Walters, Judge.

Action for damages. Motion for a change of venue denied and plaintiff appeals. *Dismissed.*

W. E. Abraham and T. Bailey Lee, for Appellant.

S. T. Lowe, for Respondents.

Counsel cite no authorities on point decided.

BUDGE, C. J.—On March 2, 1914, appellant commenced an action against respondents in the district court, in and for Cassia county, for damages alleged to have been sustained while confined in the county jail of said county, for default in payment of a money fine theretofore imposed upon him in said district court. Appellant alleges, among other things, that he had been ordered by the respondent commissioners and sheriff of said county to labor upon the county roads, and upon his refusal to comply with such order he was, by said respondents, unlawfully and maliciously restricted for a period of eleven days to a diet of bread and water, resulting in his physical and mental injury, to his damage in the sum of $10,000. The respondents filed their verified answer denying the illegality of their conduct, as alleged in plaintiff's complaint, and further denying the existence of malice, and affirmatively alleging the fact to be, that if the appellant suffered loss of health, or sustained injury to his physical or mental condition, or deterioration in weight, that it was due to the confinement by reason of said judgment imposed upon him by the district court, and

to no act or acts of the respondents or either of them. Respondents further alleged in their answer that they wholly relied, in restricting appellant to a bread and water diet, upon the advice and direction of their legal adviser, namely, the county attorney, and the advice of the Honorable District Judge of the district court, in and for Cassia county.

When the cause came on for trial the appellant made a motion for a change of venue, upon the ground that the presiding judge was disqualified because of the alleged advice that he had given to respondents, to restrict appellant's diet to bread and water should he refuse to perform work and labor upon the highways of said county, as appeared from the sworn answer of the respondents, and filed in said cause. An order was made denying said motion and continuing the cause for the term. This appeal is from the order.

While it is not a matter of record in this case, it is a matter of which this court must take cognizance, that the Honorable Edward A. Walters, then district judge in and for said county, before whom the foregoing proceedings were had, is no longer such district judge. It is therefore apparent that the only ground upon which a change of venue is sought has been removed, and there is no real controversy before this court, for the reason that if the disqualification did exist at the time the motion for a change of venue was made and the cause continued for the term, it is *non esse*. The determination of this appeal in favor of appellant could not result in any actual relief to him, except in the matter of costs. Costs, being merely incidental to a judgment, do not constitute a matter of controversy sufficient to warrant an appellate court in entertaining an appeal. (*Bryan v. Sullivan,* 29 Okl. 686, 119 Pac. 124; *Harper v. Grasser,* 86 Wash. 475, 150 Pac. 1175; *Board of Commrs. v. Stogner* (Okl.), 157 Pac. 923.) Therefore, since the right of the appellant to have a change of venue has ceased to exist, the appeal presents only a hypothetical proposition, and must be dismissed. (*State v. Lambert,* 52 W. Va. 248, 43 S. E. 176; *Albright v. Erickson,* 23 Okl. 544, 102 Pac. 112; 3 C. J. 358; 2 R. C. L. 145; *City of Wallace v. Deane,* 8 Ida. 344, 69 Pac. 62; *Jenal*

*v. Felber,* 77 Kan. 771, 95 Pac. 403; *Fain v. Fain,* 140 La. 39, 72 So. 801; *Mills v. Green,* 159 U. S. 651, 16 Sup. Ct. 132, 40 L. ed. 293.) In the latter case the court said:

"The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it. It necessarily follows that when, pending an appeal from the judgment of a lower court, and without any fault of the defendant, an event occurs which renders it impossible for this court, if it should decide the case in favor of plaintiff, to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal. . . . . "

From what has been said it follows that the appeal in this case must be dismissed, and it is so ordered. Costs awarded to respondents.

Morgan and Rice, JJ., concur.