(December 14, 1918.)

G. J. S. ABELS, Appellant, v. TURNER TRUST COM-
PANY, a Corporation, GEORGE E. MABEY, Sheriff of
Bannock County, Idaho, and THE BANNOCK AB-
STRACT & TRUST COMPANY, a Corporation, Re-
spondents.

[176 Pac. 884.]

APPEAL AND ERROR—MOOT QUESTIONS.

This court will, upon motion to dismiss, consider evidence outside
the record tending to show that since the entry of the judgment or
order appealed from the substance of the controversy between the
parties has disappeared, and when it appears that only a moot ques-
tion remains to be determined the appeal will be dismissed.

[As to dismissal of appeal in *mandamus* proceeding where ques-
tion involved has become immaterial, see note in **Ann. Cas.** 1912C,
247.]

APPEAL from the District Court of the Fifth Judicial
District, for Bannock County. Hon. R. M. Terrell, Judge.

Appeal from an order dissolving a preliminary injunction.
*Dismissed.*

W. H. Witty, for Appellant, cites no authorities.

Budge & Merrill, for Respondents.

In the following cases the appeal was dismissed upon in-
formation supplied to the court by affidavits of matters which
had transpired after the perfecting of the appeal, which
would render the matter involved a moot question. (*Wilson
v. Boise City*, 7 Ida. 69, 60 Pac. 84; *Waters v. Dunn*, 18 Ida.
450, 110 Pac. 258; *Roberts v. Kartzke*, 18 Ida. 552, 111 Pac. 1.

MORGAN, J.—This action was commenced by appellant
for the purpose of procuring an injunction to restrain the
sale of property pursuant to an affidavit and notice to the
sheriff in a chattel mortgage foreclosure proceeding. A pre-

liminary injunction was issued and was, upon motion of respondents, dissolved. This appeal is from the order dissolving the injunction.

Respondents have moved to dismiss the appeal upon the ground, among others, that the sale, which was temporarily enjoined, has been made since the dissolution of the injunction, and, therefore, no relief can be afforded by a review of the order appealed from even if it resulted in a reversal thereof. In support of their motion respondents have submitted a certified copy of the sheriff's return in the foreclosure proceeding showing that after the injunction was dissolved the sale was held and the property in question was sold.

Appellant insists that since the sheriff's return of sale is not a part of the record on appeal, a motion to dismiss cannot be based upon it, and that such a motion must, to be entertained, be predicated upon some irregularity in procedure.

This court has heretofore, without expressly deciding that it could properly do so, considered facts, as grounds for dismissal, which arose after the entry of the judgment or order appealed from and which were not incorporated in the record on appeal. (*Wilson v. Boise City*, 7 Ida. 69, 60 Pac. 84; *City of Wallace v. Deane*, 8 Ida. 344, 69 Pac. 62; *Roberts v. Kartzke*, 18 Ida. 552, 111 Pac. 1; *Coburn v. Thornton*, 30 Ida. 347, 164 Pac. 1012.)

The doctrine properly applicable to this question of practice is to be found in *Sewell v. Johnson*, 165 Cal. 762, Ann. Cas. 1915B, 645, 134 Pac. 704, wherein it is said: "The rule that the power of a court to consider on a pending appeal only matters which appear in that record is not of universal application, nor is the court always confined in the consideration and disposition of such appeal to the record therein. On the contrary, matters often arise subsequent to an appeal which may be brought before this court on evidence outside the record, and which will be considered and acted on in disposing of the appeal. A familiar illustration is where, after an appeal from a judgment, a new trial is granted in the

superior court, or, when, after appeal, it appears that from some circumstances or fact occurring thereafter its further prosecution involves only a moot question. In both cases, on proper showing necessarily outside the record, this court will dismiss the appeals. . . . . '' (See, also, 4 C. J. 558.)

It will be observed from an examination of the Idaho cases above cited that this court will not entertain an appeal when the substance of the controversy between the parties has disappeared and only a moot question remains to be determined.

The sole purpose of this appeal is to procure a review and reversal of the order of the trial court dissolving a preliminary injunction. The act sought to be enjoined has now been done, and nothing this court can do, or direct the trial court to do, will alter that fact or result in relief to appellant. The appeal is dismissed. Costs are awarded to respondents.

Rice, J., concurs.

Budge, C. J., deeming himself disqualified, took no part in the opinion.