(June 1, 1922.)

## L. A. GRAVES, Appellant, v. R. C. BERRY et al., Respondents.

[207 Pac. 718.]

APPEAL AND ERROR—MOOT CASE—MUNICIPAL CORPORATION—TAXATION—PUBLICATION OF ESTIMATE OF EXPENSE AND APPROPRIATION BILL AS LIMITATION OF POWER OF TAXATION.

1. Where only a moot question remains to be determined, an appeal will be dismissed.

2. In order to justify a dismissal of an appeal on the ground that only a moot question remains, the fact that the controversy has ceased to exist must be shown by clear and convincing proof.

3. The court, in support of a motion to dismiss an appeal, will not indulge in presumptions to the effect that a cause of action has disappeared.

4. Upon appeal from an order denying an injunction *pendente lite* to prevent collection of a tax upon the ground that it was void because levied in excess of the power of the governing authorities of the municipal corporation, unless appellant has paid the tax in such a way that he has no further recourse, or the time for redemption has expired, the question has not become moot.

5. Preparation and publication of an estimate of the probable amount of money necessary to be raised for all purposes, and the passage of an appropriation bill by a municipal corporation organized under the general laws, are conditions precedent to the exercise of the power to levy municipal taxes under C. S., sec. 3940.

6. A plaintiff is not required to make a tender of any portion of a tax levy as a condition for invoking the power of a court of equity to relieve him therefrom when the tax levy is totally void.

APPEAL from the District Court of the Ninth Judicial District, for Fremont County. Hon. James G. Gwinn, Judge.

Publisher's Note.

1. What constitutes moot case, see note in **Ann. Cas.** 1918B, 558.

Appeal from an order denying injunction to restrain collection of tax. *Reversed.*

Wilkie & Wilkie, for Appellant.

Where the law requires an estimate or ordinance, or both, to be made and published before the time for levying the tax, the requirements are jurisdictional and must be complied with or the tax will be void. (37 Cyc. 971; sec. 2361, McQuillin, Municipal Corp; *People v. Florville*, 207 Ill. 79, 69 N. E. 623; *People v. McElroy*, 248 Ill. 574, 94 N. E. 81; *Nelson v. Oklahoma City, etc. R. Co.*, 24 Okl. 617, 104 Pac. 42; *Police Jury v. Bouanchaud*, 51 La. Ann. 860, 25 South. 653; *Waggoner v. Maumus*, 112 La. 229, 36 So. 332; *Gilmore v. Hentig*, 33 Kan. 156, 5 Pac. 781; *Hentig v. Gilmore*, 33 Kan. 234, 6 Pac. 304.)

"Taxes cannot be levied or collected at any other time or in any other manner nor for any other purpose than that designated by law." (*Shoup v. Willis*, 2 Ida. 120, 6 Pac. 124; *Hewes v. Reis*, 40 Cal. 255.)

Thos. B. Hargis, C. Redmond Moon and H. W. Soule, for Respondents.

The levy of a tax by a municipality, the preparation and publication of an estimate and the passage of an annual appropriation bill, are each a separate, distinct and independent requirement.

The purpose of the estimate and the annual appropriation bill is not to give the taxpayers notice of what rate of levy they may expect, but to divide any levy made into specific funds for specific purposes, to regulate the drawing of warrants, to aid the village treasurer in keeping the village accounts. (*Henderson v. Hughes County*, 13 S. D. 576, 83 N. W. 682; *Standrod v. Case*, 24 Ida. 365, 133 Pac. 651; *Oregon R. Co. v. Umatilla County*, 47 Or. 198, 81 Pac. 352.)

A court of equity will not issue its writ of injunction simply because some formality or legal requirement in

levying a tax is wanting, if it is levied for an authorized purpose and by the persons designated by law. (37 Cyc. 1258; 1 High on Injunctions, secs. 484, 486; *State v. Johnson,* 80 Or. 107, 156 Pac. 579; *French v. Edwards,* 13 Wall. (80 U. S.) 506, 20 L. ed. 702; *Sweet v. Boyd,* 6 Okl. 699, 52 Pac. 939.)

RICE, C. J.—This action was brought to obtain a decree to the effect that a tax levy of the village of Ashton for the year 1919 is null and void, and to obtain an injunction restraining respondents and their agents from certifying or placing upon the tax-roll or collecting the tax.

The allegation of the invalidity of the tax is based upon the fact, admitted for the purposes of this case, that the village trustees did not during the first quarter of the fiscal year, or at any time, prepare or publish an estimate of the probable amount of money necessary for all purposes to be raised for the village as required by C. S., sec. 4055, and also that such trustees did not, within the first quarter of the fiscal year, or at any time, pass an ordinance termed ''Annual Appropriation Bill'' as required by C. S., sec. 4053, and that on account of the failure of the village trustees to make and publish such estimate of expense and pass such appropriation bill, the tax attempted to be levied is null and void.

Upon filing the complaint an order was issued to respondents to show cause why a temporary injunction should not issue. Respondents appeared and demurred to the complaint, and upon the hearing a temporary injunction was denied. The appeal is from this order.

Respondents have moved to dismiss the appeal upon the ground that the questions involved are moot, by reason of the fact that all the acts sought to be enjoined have been performed and any action the court might take would be unenforceable and the decision upon the questions involved would be only upon a mere abstract question of law.

In *Abels v. Turner Trust Co.,* 31 Ida. 777, 176 Pac. 884, it is held that where only a moot question remains to be

determined, the appeal will be dismissed. (*Coburn v. Thornton*, 30 Ida. 347, 164 Pac. 1012; *Roberts v. Kartzke*, 18 Ida. 552, 111 Pac. 1; *Wilson v. Boise City*, 7 Ida. 69, 60 Pac. 84; *City of Wallace v. Deane*, 8 Ida. 344, 69 Pac. 62.) In order to justify a dismissal on this ground, however, the fact that the controversy has ceased to exist must be shown by clear and convincing proof. (4 C. J., p. 577, sec. 2383.)

No affidavit was filed in support of the motion to dismiss. Upon the argument, however, it was not questioned but that the tax levy was placed upon the tax-roll and that most of the residents of the village have paid the same. The court, in support of a motion to dismiss an appeal, will not indulge in presumptions to the effect that a cause of action has disappeared. It does not appear that appellant in this case has paid the tax, or if so, that he did not pay it under protest. If appellant has not paid the tax, the time for redemption has not expired. Unless he has paid his tax in such a way that he has no further recourse, or the time for redemption has expired, the question has not become moot. *United Real Estate & Trust Co. v. Barnes*, 157 Cal. 515, 108 Pac. 306, is similar to the case at bar. Upon a motion to dismiss the appeal the court said: ''The motion to dismiss is based upon the ground that the payment of the assessment, etc., put an end to the controversy and leaves only a moot case. It is not, however, by any means clear that it is a moot case, for evidently the claim of the plaintiff to recover the money paid under protest involves the same questions that are involved in this appeal. . . . . '' (See, also, *Boise City etc. Land Co. v. Clark*, 131 Fed. 415, 65 C. C. A. 399.)

The motion to dismiss is denied.

The legislature has provided a carefully prepared and fairly comprehensive scheme for municipal finance. By C. S., sec. 3225, it is provided that prior to the commencement of the fiscal year, the county auditor shall certify to the governing authorities of every city, town and village the total assessed valuation of such municipality for the preceding year, for the purpose of aiding them in the deter-

mination of the tax rates to be levied for the current year. Within the first quarter of the fiscal year, the trustees of a village must prepare an estimate of the amount of money necessary for all purposes for the village during the fiscal year for which an appropriation is to be made, and cause the same to be published for four weeks in some newspaper of general circulation within the village. (C. S., sec. 4055.) Thereafter, and during the first quarter of the fiscal year, the board of trustees of the village shall pass an ordinance to be termed the "annual appropriation bill," in which they may appropriate such sums of money as are deemed necessary to defray all necessary expenses and liabilities of the corporation not exceeding in the aggregate the amount of tax authorized to be levied during the year. It is also provided that no further appropriation shall be made at any other time within such fiscal year, unless such appropriation has been first sanctioned by a majority of the legal voters of the village. (C. S., sec. 4053.) The appropriation bill determines the amount necessary to be raised for general revenue purposes. The village trustees shall ascertain from the books or assessment-roll of the tax collector of the proper county the amount of taxable property within the limits of their jurisdiction. This, of course, cannot be done until after the county and state boards of equalization have completed their labors and certified the results to the proper authorities. The village trustees shall then levy taxes for general revenue purposes not to exceed fifteen mills on the dollar in any one year on all taxable property within the limits of the municipal corporation. (C. S., sec. 3940.)

The question is whether the previous preparation and publication of an estimate of the probable amount of money necessary to be raised for all purposes, and the passage of the appropriation bill, constitute a condition precedent to the authority of the board of village trustees to levy taxes. It is true that the statute does not in express terms require that the tax shall be levied for the amount so ascertained, or that it shall be based upon the appropriation bill as was

provided in the statutes referred to in the following cases: *People v. McElroy,* 248 Ill. 574, 94 N. E. 81; *People v. Florville,* 207 Ill. 79, 69 N. E. 623; *Engstad v. Dinnie,* 8 N. D. 1, 76 N. W. 292; *Waggoner v. Maumus,* 112 La. 229, 36 So. 332. Nevertheless, we have reached the conclusion that it was the legislative intent to so restrict the power of taxation in villages organized under the general law.

In the case of *French v. Edwards,* 80 U. S. 506, 20 L. ed. 702, it is said: "There are, undoubtedly, many statutory requisitions intended for the guide of officers in the conduct of business devolved upon them, which do not limit their power or render its exercise in disregard of the requisitions ineffectual. Such, generally, are regulations designed to secure order, system and dispatch in proceedings, and by a disregard of which the rights of parties interested cannot be injuriously affected. Provisions of this character are not usually regarded as mandatory unless accompanied by negative words importing that the acts required shall not be done in any other manner or time than that designated. But when the requisitions prescribed are intended for the protection of the citizen, and to prevent a sacrifice of his property, and by a disregard of which his rights might be and generally would be injuriously affected, they are not directory but mandatory. They must be followed or the acts done will be invalid. The power of the officer in all such cases is limited by the manner and conditions prescribed for its exercise."

In the case of *Mayor etc. of City of Baltimore v. Gorter,* 93 Md. 1, 48 Atl. 445, this language is found: "It is not meant by this that the courts are to determine any question of construction according to their notions of the wisdom or expediency of the means adopted to secure the purpose, or of the policy that dictated their adoption. These are considerations that are properly addressed only to the law-making department of the government. Where, however, this department has indicated a purpose to be accomplished and in its wisdom has provided the means of its accomplishment, a proper respect for its judgment and a proper recog-

nition of its independent function of government, require the courts in passing upon its act in this regard to have in view the effectuating of the main purpose. In this view the considerations mentioned must have influence in determining the meaning and effect of every part of the legislative act because the legislature must have intended the means to be in harmony with the purpose.''

The legislature must have had some purpose in view in requiring an estimate of the expenses to be published for four weeks. Obviously, it was to enable the inhabitants and taxpayers of the municipality to become informed as to the purposes for which and the amounts which it was proposed should be levied against their property by the process of taxation. The appropriation bill was intended to limit the expenditures for the fiscal year, except in certain cases of casualty or accident. (See C. S., sec. 4056.) If the power to levy taxes under C. S., sec. 3940, is unrestricted, save by the maximum limit therein provided, and an appropriation bill can be passed after the levy, it is quite conceivable that the larger part or even all of the revenue raised for general purposes might be devoted to some improvement or the construction of some public work not made known to the taxpayers, and contrary to their wishes. We think it is equally true, in view of the legislation outlined above, that it was not intended that the trustees of a village should have the power to levy a substantial amount in excess of that called for by the appropriation bill, since it would permit extravagant expenditures for objects not contemplated by the taxpaying public, and without their knowledge or assent. If the acts of our legislature were not designed to prevent the accomplishment of such results, it is difficult to imagine what purpose was to be subserved by the publication of the estimate of expenses and the passage of the annual appropriation bill. In this case, therefore, the levy of the tax by the village authorities was not a mere irregularity, but was in excess of their powers.

Counsel for respondents suggest that the proceeding being one in equity, appellant must do equity. This rule would

Points Decided.

require in some cases that the plaintiff tender the portion of a tax which is actually due as a condition of invoking the power of a court of equity to relieve him from that portion thereof which was not justly due. The principle can have no application in regard to a tax which is totally void. (*Chicago etc. R. Co. v. Kootenai County*, 33 Ida. 234, 192 Pac. 562.)

Respondents suggest that there is a defect of parties, in that the village of Ashton was not made a party to this suit. If the court shall find that there is a defect of parties, or that there is a defective allegation of the corporate existence of the village of Ashton, such defects in the complaint may be corrected by amendment.

The order appealed from is reversed. The cause is re. manded to the district court for such further proceedings as in view of the changed conditions may be equitable. Costs awarded to appellant.

Dunn and Lee, JJ., concur.