(January 15, 1926.)

## CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, a Corporation, Respondent, v. J. L. CARDWELL, Appellant.

[242 Pac. 977.]

APPEAL AND ERROR — SUPREME COURT—JURISDICTION—MOOT QUESTION —TEMPORARY RESTRAINING ORDER—PROPERTY DESTROYED.

1. This court will not retain jurisdiction of an appeal involving only a moot question.

2. On appeal from a temporary restraining order, restraining appellant in the use of certain specified personal property in a manner alleged to be detrimental to the rights of respondent, when evidence is produced to this court that the personal property has been destroyed, and there is no other question involved than possible costs, only a moot question remains, and the appeal will be dismissed.

APPEAL from the District Court of the Eighth Judicial District, for Kootenai County. Hon. W. F. McNaughton, Judge.

Appeal from order granting temporary injunction against defendant. Motion to dismiss appeal. *Appeal dismissed.*

Frank W. Reed, for Appellant, cites no authorities on points decided.

Robert H. Elder and Geo. W. Korte, for Respondent.

Where a showing is made that since the entry of a judgment or order appealed from, the substance of the controversy between the parties has disappeared, and when it appears that only a moot question remains to be determined, the appeal will be dismissed.

Upon such a motion to dismiss this court will consider evidence outside the record tending to show the fact that the substance of the controversy between the parties has disappeared. (*Abels v. Turner Trust Co.,* 31 Ida. 777, 176 Pac. 884; *Coburn v. Thornton,* 30 Ida. 347, 164 Pac. 1012; *City of Wallace v. Dean,* 8 Ida. 344, 69 Pac. 62; *Wilson v. Boise City,* 7 Ida. 69, 60 Pac. 84; *Roberts v. Kartzke,* 18 Ida. 552, 111 Pac. 1; *Las Animas County v. People,* 36 Colo. 246, 91 Pac. 36; 2 High on Injunction, sec. 1701a.)

The question of costs involved in the controversy does not change the general rule. Courts are not required to decide mere abstract questions of law, and the adjudication

Publisher's Note.

2. What constitutes moot case, see note in **Ann. Cas.** 1918B, 558.

See Appeal and Error, 4 **C. J.,** sec. 2383, p. 575, n. 80, p. 577, n. 93.

of the question of costs incident to the litigation in suits in which the subject matter ceases to exist pending an appeal is not regarded of sufficient importance to justify the decision of the questions involved in the appeal. (*Old River Rice Irr. Co. v. Stubbs* (Tex. Civ. App.), 133 S. W. 494.)

TAYLOR, J.—Plaintiff, Chicago, Milwaukee & St. Paul Railway Company, brought its action to enjoin appellant, Cardwell, from tying up or anchoring a house-boat, owned by him, in front of plaintiff's wharf or platform, maintained by it in and upon the shores of Coeur d'Alene Lake, The house-boat was then so ·tied and anchored. A temporary restraining order was issued, by which the defendant was "enjoined from further tying up or anchoring his said house-boat in front of plaintiff's property or from tying up or anchoring the said house-boat to plaintiff's wharf or platform, and the said defendant is further enjoined from crossing plaintiff's property and from trespassing thereon in going to and from his said house-boat until the further order of this court." This is an appeal from the temporary restraining order.

Respondent moves to dismiss the appeal upon the ground that "since this cause has been pending on appeal in this court, the appellant has fully performed and satisfied the foregoing order of the court by the removal of said house-boat from the wharf of the respondent, to a place far away from said wharf and in no manner connected therewith, where said house-boat was totally destroyed by fire." This motion is supported by affidavit of one of counsel for plaintiff, reciting that the defendant, after the appeal, removed "his house-boat from in front of plaintiff's property, and ceased to tie up said house-boat to plaintiff's wharf and ceased to anchor said house-boat in front of plaintiff's property"; that the house-boat was removed across the lake, a distance of three or four miles, and was, during the fall of 1925, destroyed by fire; and that appellant has ceased to cross the plaintiff's property in going to or from said house-boat, or to trespass upon the property.

The appellant filed, in opposition to this motion, his affidavit, admitting that he removed the house-boat for purposes of his own, and that it had been destroyed by fire, but alleging that he had secured one Miller "to move his house-boat into said location to hold the same for" defendant, and that the defendant "intends to procure another house-boat and occupy the same location which was held by him at the time this action was begun." Defendant supports his position by an affidavit of Miller, that he has moved his house-boat into the location where the house-boat of Cardwell had been anchored, under an agreement with Cardwell that he would hold the location for Cardwell, and deliver the location to Cardwell upon his return to Coeur d'Alene in the fall of 1925; and that Miller is now occupying the location as the agent of Cardwell.

The restraining order was temporary, "until the further order of this court." The appellant gave a bond for a stay of proceedings. From the facts shown, it is plain that a reversal of this judgment would have nothing to act upon. This court cannot presume nor decree that the defendant can or will attach some other house-boat to the dock and platform of the plaintiff. Until he does do that which we cannot presume that he will do prior to a final determination of this action, his affidavit constitutes a mere threat to commit another alleged trespass. Whether such other trespass would be within the terms of the present writ is a question which we are not called upon to determine on this appeal, and which, together with appellant's ultimate rights, is a matter still to be determined upon final judgment entered upon a trial upon the merits.

[1, 2] A reversal of the restraining order would not be an adjudication that the appellant could secure and tie up to plaintiff's dock some other house-boat; and it has become wholly impossible for him to receive any benefit from a judgment which might determine that he would still have the right to tie up and anchor the house-boat which has been destroyed. This court will not retain jurisdiction of

what has become a moot question to settle a mere matter of costs incidental to the appeal. Under the circumstances, the appeal has become a moot case. (*Abels v. Turner Trust Co.*, 31 Ida. 777, 176 Pac. 884; *Coburn v. Thornton,* 30 Ida. 347, 164 Pac. 1012; *Board of Commrs. v. People,* 36 Colo. 246, 91 Pac. 36; *State v. Napton,* 10 Mont. 369, 25 Pac. 1045.)

This motion is made by respondent with the statement upon argument that any decision rendered by this court could not determine its rights as against Miller, nor the right of appellant to tie up another house-boat, but that the respondent would be put to either an amendment or another action to adjudicate such changed facts.

The appeal is therefore dismissed, without costs to either party.

William A. Lee, C. J., and Wm. E. Lee and Givens, JJ., concur.