230 P.2d 1002

**FINANCIAL CREDIT CORP. v. DOUGLAS.**

No. 7672.

Supreme Court of Idaho.

May 3, 1951.

A. A. Merrill, Idaho Falls, for appellant.

Albaugh, Bloem & Hillman and George L. Barnard, all of Idaho Falls, for respondent.

PORTER, Justice.

The parties will be hereinafter referred to respectively as plaintiff and defendant. On November 18, 1948, at Idaho Falls, defendant purchased from one Garth Aslet a Kaiser Sedan automobile under the terms of a conditional sale contract. The contract was immediately assigned by Aslet to plaintiff herein. By the terms of the contract, the time price of the automobile was $2205.70 of which $700.00 was payable in cash and the remaining $1505.70 was made payable in 18 monthly installments of $83.-85, the first payment to be made on December 5, 1948.

On April 8, 1949, plaintiff filed its complaint in this action. It was therein alleged that defendant had failed to make all the monthly payments which had become due under the conditional sale contract except that the sum of $30.00 had been paid; that defendant had taken the automobile outside the State of Idaho contrary to such contract; that in March, 1949, plaintiff repossessed the same at Tremonton, Utah, returned it to Idaho Falls at an expense of $35.00 and had sold the automobile at private sale for the sum of $400.00; and that there remained owing on said contract, the sum of $1006.64, for which sum plaintiff prayed judgment.

Defendant filed an answer and cross-complaint in which it was affirmatively alleged that plaintiff had agreed that defendant could take said automobile to Salt Lake City, Utah, to sell the same and pay plaintiff; that at Tremonton, Utah, defendant's car developed engine trouble; that plaintiff without the consent of defendant, wrongfully took possession of said automobile and converted the same to its own use. Defendant prayed for damages both actual and exemplary.

The case was regularly set for trial at 10 o'clock A.M., March 2, 1950, at Idaho Falls. On such date, defendant, who was residing at Pocatello, was present with his witnesses in Idaho Falls prepared to go to trial. The trial court was engaged in the trial of another action in which the attorney for defendant was one of counsel. Defendant consulted with his attorney and such attorney's office during the day of March 2, and gained the understanding that the case on trial would not be finished until March 3, and that defendant's case would not come on for trial until the morning of March 4. He thereupon returned to Pocatello.

There was no definite order made by the trial court as to when the case would be called for trial other than the original setting. On the morning of March 3, the case was called for trial. Plaintiff and its counsel, and the attorney for defendant were present. Defendant did not appear. After the jury had been inpanelled, the attorney for defendant moved the court for a continuance until the morning of March 4, advising the court that he was unable to explain the absence of defendant. Plaintiff resisted the motion but consented to a postponement until 1:30 P.M. of March 3. When court reconvened at 1:50 P.M., defendant had not appeared and his attorney renewed his motion for a continuance, which motion was by the court denied. The attorney for defendant participated in the ensuing trial but had no evidence to offer at the close of plaintiff's case. The jury returned a verdict in favor of plaintiff for the sum of $900.00 and judgment was entered accordingly.

On March 17, 1950, defendant filed a petition or motion for new trial supported by the affidavit of defendant. By such affidavit, defendant sets out that he was in Idaho Falls ready for trial on the 2nd day of March, 1950, but for some reason got the understanding that his case was set for the morning of March 4; that he knew that the court was trying a case on March 2 and understood that said case would not be finished until during the day of March 3; that he returned to Pocatello; that on the morning of March 4, he came to Idaho Falls and was ready for trial with his witnesses; that affiant believed that his trial was set for March 4 and did not know any different until he reached his attorney's office on the morning of March 4.

After a hearing on such motion, the court entered an order that defendant's motion

for a new trial be granted subject to the condition that the defendant pay to plaintiff the amount of $50.00 for witness fees and the sum of $100.00 attorney's fees within 20 days; and that if such payment be not made, the motion for new trial would be denied.

The defendant has appealed to this court from that portion of the order granting a new trial requiring him to pay $50.00 witness fees and $100.00 attorney's fees as a condition for the granting of the new trial. Plaintiff has cross-appealed to this court from the whole of the order granting a new trial.

For convenience, we will first consider the cross-appeal of plaintiff. Plaintiff urges that the court erred in granting the motion for new trial on the ground that no legal cause for granting a new trial was shown; and that the granting of a new trial without sufficient cause was an abuse of discretion. While the grounds for a new trial set out in defendant's motion are not wholly in the language of the statute, Section 10–602, I. C., such motion appears sufficient to present, among other grounds, the statutory grounds of irregularity in the proceedings of the court by which defendant was prevented from having a fair trial; and accident or surprise which ordinary prudence could not have guarded against. In Anderson v. Graham, 87 Okl. 278, 210 P. 281, the court recognized that somewhat similar assignments of error were sufficient to permit the court to determine whether a new trial should be granted because of the excusable absence of defendant from attendance at the trial.

In 66 C.J.S., New Trial, § 85, p. 264, it is said: "Generally speaking, the mere absence from the trial of the unsuccessful party ordinarily is not sufficient ground for granting a new trial. However, a party's right to attend the trial of his case and to be heard in person is a very valuable right, and a new trial may be granted because of the absence of the unsuccessful party where it is apparent that failure to take such action would result in injustice. Ordinarily, before a new trial will be granted on such ground, it is necessary for the complaining party to show that his absence was attributable to accident or adventitious circumstances, and was not due to fault or negligence on his part or on the part of his attorney, * * *."

In Berger v. Levy, 5 Cal.App.2d 554, 43 P.2d 610, at page 615, the court said: "The general rule governing a situation of this kind, as it is stated in McGuire v. Drew, 83 Cal. 225, 23 P. 312, is that in order to entitle one who has failed to appear at the trial to relief on that ground, he must establish that his absence was without fault or negligence on his part; also, that he has been injured by a trial in his absence, and that a different result would probably be reached if a new trial were had; and that this may be done by showing that he could establish an entirely different

case favorable to himself in the event a new trial is granted."

The uncontroverted affidavit of defendant, taken in connection with his answer and cross-complaint, tends to show that he had a meritorious defense and that he was ready with his witnesses to participate in a trial of the cause and present his defense, but that by accident or adventitious circumstances he was misinformed as to the date of the trial.

Under the circumstances in this case, the granting or refusing of a new trial was a matter of discretion in the trial court; and the trial court's action will not be disturbed absent an abuse of such discretion. Hall v. Johnson, 70 Idaho 190, 214 P.2d 467. It does not appear that the trial court abused his discretion in granting a new trial in this case.

Defendant has appealed from that portion of the order requiring defendant to pay $50.00 witness fees and $100.00 attorney's fees as a condition for a new trial. Defendant contends that the court had no authority to impose conditions. The general rule is stated in 66 C.J.S., New Trial, § 207, p. 508: "Where the court has an inherent or statutory power to grant a new trial, it may order such a trial without conditions, or it may, in a proper case, impose terms or conditions in its order allowing or disallowing such new trial; but the court has no power to impose terms or conditions if the verdict is clearly contrary to law or reversible for errors of law,

and in any event the conditions or terms imposed must have direct relation to the issues in the case."

In 66 C.J.S., New Trial, § 208, p. 514, it is said: "Where a new trial is a matter of grace and not of right, the court may, in its discretion, make the payment of costs by the applicant a condition or term in an order allowing a new trial; but where a new trial is a matter of right the court cannot impose such a condition to the allowance of a new trial."

In Wolfe v. Ridley, 17 Idaho 173, at page 177, 104 P. 1014, at page 1015, this court quotes with approval from Rice v. Gashirie, 13 Cal. 53, as follows: "The terms upon which a court will grant a new trial are peculiarly a matter within its discretion. This must necessarily be so, for so many reasons relating to the conduct, management, and peculiar circumstances of the trial may exist that it would be impossible to prescribe any general rules on the subject. If error at law intervenes, a party may take his exceptions and prosecute his appeal without motion for a new trial; but, if he makes his motion, and relies upon that for redress against an improper verdict, he must subject himself to the equitable power of the court. The verdict may have gone against him, in some degree, or wholly, by his own neglect or default, or even the rulings of law be chargeable to his own laches or want of diligence. In such cases it may be proper to grant him a new trial, yet only upon equitable terms.

We cannot interfere with this exercise of discretion unless upon a clear showing that it has been abused, or that the terms were grossly unreasonable."

This court then further says: "Without going into a further consideration of the authorities, we are satisfied to follow the rule announced by the California court on this subject, and to hold that it is within the sound discretion of the trial court as to whether or not he will require the losing party to pay a part or all of the costs on granting a new trial." See also Garoutte v. Haley, 104 Cal. 497, 38 P. 194; Brooks v. San Francisco & N. P. Ry. Co., 110 Cal. 173, 42 P. 570; North Center Creek Mining & Smelting Co., v. Eakins, 23 Kan. 317; Adams Exp. Co. v. Gregg, 23 Kan. 376; Young v. Travellers' Ins. Co., 125 Wash. 118, 215 P. 383.

█ It thus appears that it was not error for the court to condition the granting of a new trial upon the payment of all or part of plaintiff's witness fees. However, the condition that defendant pay $100.00 attorney's fees to plaintiff presents a different question. The terms or conditions which are usually specified relate to the payment of costs or compliance with the court rules or stipulations of the parties. 39 Am. Jur. 203. The only case which has been called to our attention approving the allowance of attorney's fees as a condition to the granting of a new trial, is Brooks v. San Francisco & N. P. Ry. Co., supra. It is true that this court in Wolfe v. Ridley, supra, quoted from such case with approval on the general rule that a trial court in a proper case could impose terms upon the granting of a new trial. However, in Wolfe v. Ridley, supra, the court did not consider, and such case is not authority for, the allowance of attorney's fees as a condition for a new trial.

█ In this jurisdiction the general rule is that attorney's fees are not recoverable unless provided for by statute or by contract of the parties. Jenkins v. Commercial Nat. Bank, 19 Idaho 290, 113 P. 463; English v. King, 39 Idaho 531, 228 P. 325; Gifford v. Gifford, 50 Idaho 517, 297 P. 1100. We conclude that the requirement that the defendant pay $100.00 attorney's fees as a condition for the granting of a new trial was an abuse of discretion by the trial court.

The order of the trial court granting a new trial conditioned upon the payment of $50.00 witness fees and $100.00 attorney's fees within 20 days from the date thereof, will be modified by eliminating from such order the requirement for the payment of attorney's fees. The order granting a new trial as so modified, is affirmed. No costs allowed.

GIVENS, C. J., and TAYLOR, THOMAS and KEETON, JJ., concur.