286 P.2d 334

**Thomas Henry McCANDLESS,**
Plaintiff-Respondent,

v.

**Donald M. KRAMER, doing business under
the style and trade name of Sandpoint
Air Service and the Bonners Ferry Air
Service, Defendant-Appellant.**

Nos. 8107, 8158.

Supreme Court of Idaho.

June 28, 1955.

Hawkins & Miller, Coeur d'Alene, for respondent.

McNaughton & Sanderson, Coeur d'Alene, Bandelin, Bandelin & Ponack, Sandpoint, for appellant.

PORTER, Justice.

On and prior to April 23, 1950, appellant was operating a flying school at Bonners Ferry. Respondent was an enrollee in such school, taking instruction in flight training. One Herman S. Lewis was employed as an instructor at the training school. At about six o'clock p. m. on April 23, 1950, respondent, Herman S. Lewis and two other young men left Bonners Ferry on a flight to Lew-

iston. On making the approach to the flying field in Lewiston, with Lewis in control, the plane crashed, resulting in the death of the pilot, Lewis, and seriously injuring respondent.

This action was brought by respondent to recover damages for his injuries resulting from the plane accident. In his second amended complaint, he set out two counts or grounds for relief, which he denominated a first cause of action and a second cause of action. In his first cause of action he alleged the accident was caused by the negligence of appellant in employing Herman S. Lewis, when appellant knew, or by the exercise of reasonable care should have known, that Lewis was not a competent instructor of flight training by reason of his being addicted to the use of alcohol. Respondent prayed for $5,000 damages. In his second cause of action, respondent alleged that the negligence of Lewis as defendant's agent and employee was the cause of the accident and prayed for $2,798.02 special damages and $10,000 general damages.

At the trial the jury was instructed that respondent could not recover in excess of $5,000 on his first cause of action, and not in excess of $10,000 plus $2,798.02 special damages on his second cause of action. The court gave a blank form of verdict for the jury's use, if the jury found for plaintiff, wherein the jury could award damages on the first cause of action in the sum of blank. dollars and on the second cause of action in the sum of blank dollars. The jury returned a verdict in favor of respond-

ent for $3,117.71 on the first cause of action and $8,272.21 on the second cause of action. Judgment was entered in favor of respondent in the sum of $11,389.92.

Appellant served and filed motion for new trial on the ground that the verdict returned by the jury allowed plaintiff double damages. Before action was had on the motion for new trial, appellant appealed from the judgment to this court.

Thereafter, the trial court denied the motion for new trial upon the condition that the judgment be reduced by the $3,117.71 allowed on the first cause of action and respondent consent to accept an amended judgment in the sum of $8,272.21 as allowed by the jury on the second cause of action. Respondent accepted this reduction and an order was made denying the motion for new trial and an amended judgment was entered in the sum of $8,272.21. From such amended judgment, appellant has likewise appealed to this court.

The two appeals have been consolidated for presentation and determination.

By his assignments of error on his first appeal, appellant urges that "the court erred in authorizing the jury by the blank form of verdict submitted to award double damages"; that "the court erred in accepting a verdict for two awards for a single injury" and that "the court erred in entering a judgment for two alleged causes of action where but one was proved."

 A single cause of action may be set forth in several different counts where

the plaintiff has two or more distinct and separate reasons for the right to the relief he asks. However, there can be but one award of damages for a single injury. The verdict of the jury in this cause awarding damages on both causes of action resulted in two awards of damages for a single injury; and the judgment based thereon was erroneous. Tsuboi v. Cohn, 40 Idaho 102, 231 P. 708, 39 A.L.R. 851; Darknell v. Coeur d'Alene, etc., Transp. Co., 18 Idaho 61, 108 P. 536; Spotswood v. Morris, 10 Idaho 129, 77 P. 216.

By his assignments of error on his second appeal, appellant complains that "the court erred in that after denying a motion for a new trial, it attempted to modify and correct errors in a judgment which had been appealed to this court"; and that "the court was without jurisdiction to amend his former judgment pursuant to a motion for new trial."

It will be noted that appellant did not appeal from the order denying the motion for new trial and does not assign as error any abuse of discretion by the trial judge in passing upon the motion for new trial. Apparently appellant's position is that the trial court was without jurisdiction, upon consideration of the motion for new trial, to deny the same upon condition that respondent accept the judgment for the lesser amount and upon such acceptance, to enter a judgment in favor of respondent for the lesser amount.

■ The judgment entered on the verdict returned by the jury was plainly excessive and not supported by the evidence as it allowed a double recovery for a single injury. By his motion for new trial, appellant sought relief from such double recovery. When a litigant moves for a new trial as redress against an improper verdict, he subjects himself to the equitable powers of the trial court. Wolfe v. Ridley, 17 Idaho 173, 104 P. 1014; Financial Credit Corp. v. Douglas, 71 Idaho 312, 230 P.2d 1002.

■ The action of the trial court in reducing the judgment to a single recovery and one sustained by the evidence was in accord with the principles approved by this court in Checketts v. Bowman, 70 Idaho 463, at pages 467–468, 220 P.2d 682, at page 684, where we said:

"The remedy for excessive verdicts rests largely with the trial judge, whose duty it is to carefully weigh the evidence and not allow a verdict to stand for a greater amount than the evidence will reasonably justify. [Citing cases.] In exercising this prerogative the judge is not allowed to substitute his opinion for that of the jury. He should act to reduce the verdict or grant a new trial only in cases where it is clearly excessive and unsupported by the evidence.

"In this case we think the trial court was correct in finding the verdict excessive. However, in a case such as this, where no other ground for new trial is found than that the evidence

does·not support the amount of the verdict, and it does not appear to the trial judge that the amount was influenced by passion or prejudice, or other irregularity, which may be avoided on a new trial, then he should go further and condition the new trial on a refusal of the prevailing party to remit that part of the verdict which in his judgment is excessive. New trials necessarily occasion delay, hardship and expense to the parties. No harm can arise from affording an opportunity to the plaintiff to avoid a new trial and obtain an immediate judgment for the lesser amount.

"While the trial judge is in a better position to determine these questions than is the appellate court, where he has not acted in a proper case, this court will. [Citing cases.]

"Accordingly the cause is remanded with directions to the district court to vacate the order granting a new trial and to enter judgment on the verdict for plaintiffs in the sum of $20,000.00, if within 30 days of the filing of the remittitur in that court the plaintiffs file a written consent to the reduction of the verdict and acceptance of judgment in the amount of $20,000.00, and in event of plaintiffs' failure to file such consent to give full effect to the order for a new trial."

The action of the trial court in entering the amended judgment was not erroneous. The appeal from same is without merit.

Appellant's appeal from the original judgment remains to be. disposed of. We recognize that proceedings for a new trial and an appeal from the judgment are independent remedies and both may be pursued at the same time. Idaho Gold Dredging Corp. v. Boise Payette Lbr. Co., 54 Idaho 270, 30 P.2d 1076; Walton v. Clark, 40 Idaho 86, 231 P. 713; Miller v. Prout, 32 Idaho 728, 187 P. 948. The granting of a new trial operates to vacate the judgment and an appeal cannot be maintained thereon. Miller v. Prout, supra; Knowles v. Thompson, 133 Cal. 245, 65 P. 468. By analogy, if the action of the trial court on motion for new trial properly results in an amended judgment, then the original judgment to the extent of the amendment would be superseded and not subject to appeal. In any event, although the original judgment was erroneous, the error of which appellant complains on the appeal therefrom was properly corrected and appellant granted his relief by the action of the trial court on the motion for new trial. Appellant's appeal from the original judgment has become moot.

The amended judgment from which appellant's second appeal was taken is affirmed. Appellant's first appeal, being the appeal from the original judgment is dismissed. Costs awarded to respondent on both appeals.

TAYLOR, C. J., and KEETON, ANDERSON and SMITH, JJ., concur.