332 P.2d 480

Darrell H. DORMAN, individually and as Secretary of United Labor for Idaho, an unincorporated association; United Labor for Idaho, an unincorporated association, Plaintiffs-Appellants,

v.

James H. YOUNG, Secretary of State of Idaho, Defendant-Respondent.

Fred J. SMITH, an individual, and the Idaho Freedom to Work Committee, Inc., a corporation, Plaintiffs in Intervention,

v.

Darrell H. DORMAN, individually and as Secretary of United Labor for Idaho, an unincorporated association; United Labor for Idaho, an unincorporated association, Defendants in Intervention.

No. 8719.

Supreme Court of Idaho.

Dec. 4, 1958.

Carver, McClenahan & Greenfield, Boise, for appellants.

Graydon W. Smith, Atty. Gen., Edward Aschenbrener & William C. Roden, Asst. Attys. Gen., for respondents.

Oscar Worthwine, E. A. Weston, Givens, O'Leary, Doane & Givens, Boise, for plaintiffs in intervention.

PORTER, Justice.

Appellants filed their complaint in this action on August 20, 1958, for the purpose of enjoining the respondent, Secretary of State, both pendente lite and permanently from certifying to the various County Auditors of the State of Idaho the ballot title and numbers of an initiative petition theretofore filed with such respondent for printing on the official ballot to be used at the general election to be held on November 4, 1958. Such initiative petition was entitled "Initiative Measure for Right to Employment Regardless of Labor Organization Membership or Non-Membership".

In their complaint appellants alleged generally that such petition was not signed by the required number of legal voters; and that the statutory requirements in certain specified instances had not been followed in the signing and certification of the names on such petition. The respondent filed a demurrer to such complaint in which it is alleged that the complaint does not state facts sufficient to constitute a cause of action; and that each and all of the plaintiffs lack legal capacity to sue in this case. On August 28, 1958, the court entered an order sustaining the respondent's demurrer without leave to amend. On the same day a judgment of dismissal was entered.

From such judgment appellants appeal to this court.

Respondent Secretary of State thereafter duly certified the ballot title and numbers of such initiative petition to the County Auditors of the State for printing on the official ballot in order that such measure might be voted upon at the election to be held on November 4, 1958.

The cause came on regularly for hearing before this court on November 3, 1958, and was argued and submitted to the court for determination. However, we take cognizance that at the general election on November 4, such initiative measure was duly voted upon by the electorate; and that the votes on such measure have been duly canvassed and it has been determined that such initiative measure failed to receive an affirmative majority of the aggregate number of the votes cast at such election and failed to receive the approval of a number of voters equal to a majority of the aggregate votes cast for the office of Governor at such election; and that the Governor has duly issued his Proclamation to the effect that such measure was defeated at the election. § 34–1813, I.C.

After the defeat of such initiative measure at the polls, the issues involved in this action became moot. The appellants have received all the relief to which they might have been found to be entitled. Only hypothetical questions remain.

It being impossible for this court to grant appellants other or additional relief, we will not proceed to formal judgment on the hypothetical issues but will dismiss the appeal.

In Coburn v. Thornton, 30 Idaho 347, 164 P. 1012, the court was considering an appeal from an order denying a motion for change of venue on the ground of the disqualification of the presiding judge. This court, speaking through Chief Justice Budge, discussed the issues as follows (30 Idaho 347, at pages 349–350, 164 P. 1012):

"While it is not a matter of record in this case, it is a matter of which this court must take cognizance, that the Honorable Edward A. Walters, then district judge in and for said county, before whom the foregoing proceedings were had, is no longer such district judge. It is therefore apparent that the only ground upon which a change of venue is sought has been removed, and there is no real controversy before this court, for the reason that if the disqualification did exist at the time the motion for a change of venue was made and the cause continued for the term, it is non esse. The determination of this appeal in favor of appellant could not result in any actual relief to him, except in the matter of costs. Costs, being merely incidental to a judgment, do not constitute a matter of controversy sufficient

to warrant an appellate court in entertaining an appeal. (Citations) Therefore, since the right of the appellant to have a change of venue has ceased to exist, the appeal presents only a hypothetical proposition, and must be dismissed. (Citations) In the latter case [Mills v. Green, 159 U.S. 651, 16 S.Ct. 132, 40 L.Ed. 293] the court said:

" 'The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it. It necessarily follows that when, pending an appeal from the judgment of a lower court, and without any fault of the defendant, an event occurs which renders it impossible for this court, if it should decide the case in favor of plaintiff, to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal. * * *' "

See also, Abels v. Turner Trust Co., 31 Idaho 777, 176 P. 884; Chicago, Milwaukee & St. Paul Railway Company v. Cardwell, 42 Idaho 25, 242 P. 977; Detweiler Mercantile Co. v. Babcock, 44 Idaho 777, 260 P. 162; Zimmerman v. Craig, 48 Idaho

478, 282 P. 940; Bedford v. Gem Irrigation District, 51 Idaho 105, 4 P.2d 366; Kootenai County v. White, 53 Idaho 804, 27 P.2d 977; McCandless v. Kramer, 76 Idaho 516, 286 P.2d 334; Terhaar v. Joint Class A School District No. 241, 77 Idaho 112, 289 P.2d 623.

The issues in this cause having become moot, the appeal of appellants is hereby dismissed. Costs awarded to respondent.

KEETON, C. J., and TAYLOR, SMITH and McQUADE, JJ., concur.